IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-00561 (RCL) |
| ) | |
| U.S. FOOD AND DRUG ) | |
| ADMINISTRATION ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Plaintiff, Judicial Watch, Inc. ("Judicial Watch"), by counsel and pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, respectfully submits this opposition to Defendant Food and Drug Administration's ("FDA") motion to dismiss or, in the alternative, for summary judgment. As grounds therefor, Judicial Watch states as follows:

**MEMORANDUM OF LAW**

**I.     Factual Background.**

On August 22, 2006, Judicial Watch served a Freedom of Information Act ("FOIA") request on the FDA requesting communications and correspondence between the FDA and Senator Hillary Rodham Clinton ("Senator Clinton") regarding the FDA's consideration of ".75 levonorgestrel," commonly referred to as "Plan B" for over-the-counter use. The FDA acknowledged receipt of the request on August 24, 2006.

Under the FOIA statute, the FDA's response was due on or about September 20, 2006. On January 26, 2007, after five months of non-responsiveness, Judicial Watch sent a follow-up letter to the FDA requesting an update. Judicial Watch received no response to this letter.

On March 21, 2007, after almost seven months of non-responsiveness, Judicial Watch filed this suit to compel compliance with the FOIA statute. On April 6, 2007, the FDA sent Judicial Watch twenty-eight (28) pages of records responsive to its FOIA request. On May 5, 2007, the FDA moved to dismiss Judicial Watch's complaint or, in the alternative, for summary judgment. The FDA's motion rests on two primary points: (1) the twenty-eight (28) pages produced on April 6, 2007 allegedly consist of the entire universe of documents responsive to the FOIA request; and (2) the FDA allegedly conducted a reasonable search.

Unconvinced it was getting the full picture, Judicial Watch sent two additional FOIA requests to the FDA on April 18, 2007 and April 20, 2007. The April 18, 2007, FOIA request sought communications and correspondence between the FDA and Senator Patty Murray ("Senator Murray") regarding Plan B. The April 20, 2007, FOIA request sought communications and correspondence between the FDA and Senator Michael Enzi ("Senator Enzi") regarding Plan B. The FDA acknowledged receipt of both requests on April 20, 2007 and April 23, 2007, respectively. The FDA's responses to these additional requests were due on May 18, 2007 and May 21, 2007, respectively, but, as of May 30, 2007, it had not produced any records responsive or otherwise responded to the requests in any substantive manner.

On that same day, May 30, 2007, Judicial Watch filed an amended complaint which seeks to compel compliance with FOIA with respect to the April 18, 2007 and April 20, 2007 FOIA requests as well.

II.    **Argument.**

    A.    **In Light of the Amended Complaint, the FDA's Motion to Dismiss Is Moot.**

The FDA argues that this case should be dismissed as moot. Memorandum of Law in Support of Defendant's Motion to Dimiss or, in the Alterative, For Summary Judgment ("Def's Mem.") at 1. However, the FDA's motion to dismiss predates Judicial Watch's Amended Complaint. Clearly, Judicial Watch's amending of its complaint to include the April 18, 2007 and April 20, 2007 requests defeats the FDA's argument that this case is moot. The Court retains subject matter jurisdiction over the Amended Complaint.

    B.    **The FDA's Motion For Summary Judgment Should Be Stayed Pending Resolution of the Outstanding FOIA Requests.**

The FDA also argues in the alternative, that summary judgment should be granted in its favor. Plaintiff respectfully submits that consideration of the FDA's summary judgment argument is premature. Rule 56(f) of the Federal Rules of Civil Procedure permits denial of a motion for summary judgment or granting a continuance of such a motion in certain circumstances. Fed. R. Civ. P., Rule 56(f); *Felder v. Johanns*, 2007 U.S. Dist. LEXIS 38001, * 15-16 (D.D.C. May 25, 2007). The purpose of Rule 56(f) is to prevent "railroading the non-moving party through a premature motion for summary judgment." *Dickens v. Whole Foods Market Group, Inc.*, 2003 U.S. Dist. LEXIS 11791, *2, n. 5 (D.D.C. March 18, 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)).

As set forth in Plaintiff's Rule 56(f) Affidavit, the FDA's motion for summary judgment in premature. *See* Exhibit 1. All of Judicial Watch's requests concern a matter that received substantial public and political attention. Media reports regarding Plan B and the attempt to gain

over-the-counter ("OTC") status for the drug have been widespread. Many newspapers, including the New York Times, the Boston Globe, the Washington Post, and the Chicago Tribune, all carried reports of Senators Clinton's and Murray's quest to gain OTC status for Plan B and reported on their hold on the nomination of Dr. Andrew von Eschenbach for FDA Commissioner. Several smaller, more localized publications including the Lexington Herald Leader, the Chattanooga Times Free Press, and the Columbus Dispatch also carried similar stories about Plan B and the involvement of Senators Clinton and Murray. However, newspapers were not the only source of media coverage – television news transcripts, law reviews, medical journals and magazines and congressional publications all covered the course of Plan B's OTC status and the involvement of Senators Clinton and Murray. *See* Exhibit 1 at ¶ 9.

Senators Clinton and Murray have been very vocal proponents of Plan B and advocated for granting over-the-counter status to Plan B for the past several years. This advocacy reached its pinnacle in the summer of 2006, when Senators Clinton and Murray placed a hold on Dr. von Eschenbach's nomination.[1] Senator Clinton made statements on the Senate floor, during confirmation hearings and in public regarding her commitment to hold up Dr. von Eschenbach's nomination until the FDA made a decision on the over-the-counter status of Plan B. In fact, in a press release issued by Senator Clinton's Senate Office on August 7, 2006, she championed her long fight for a Plan B decision and was heralded by family planning advocates for "pushing the FDA to make a decision." *See* August 7, 2006 press release attached as Exhibit 2.

---

[1] Senator Enzi was the Chairman of the Senate Health, Education, Labor, and Pensions Committee at the time. He remains the Ranking Member today.

By contrast, the 28 pages of records produced by the FDA in response to the August 22, 2006, FOIA request address almost none of this activity. There is absolutely no mention of the hold placed on Dr. von Eschenbach's nomination. Instead, the 28 pages, a few of which are duplicates, consist only of a single letter from a group of senators, including Senators Clinton and Murray, to the FDA expressing "concern" and requesting a meeting, excerpts from the Congressional Record, Senator Clinton's "Questions for the Record" to Dr. von Eschenbach and a handful of emails setting up a meeting between Senators Clinton and Murray and Dr. von Eschenbach. In fact, not even the record for Dr. von Eschenbach's nomination are included. Only the record for Dr. Lester M. Crawford's March 17, 2005 nomination is included in the FDA's production.

When it appeared to Judicial Watch that the FDA had failed to search for and produce all responsive records, Judicial Watch served the two additional, interrelated FOIA requests with which it just recently amended its complaint. Judicial Watch believes these additional records will better allow it to evaluate the adequacy of the FDA's search. At this time, given the paucity of records received, Judicial Watch is not able to adequately challenge the scope of the FDA's search. Therefore, the summary judgment motion should be stayed pending the resolution of the outstanding FOIA requests.

**III.     Conclusion.**

For the foregoing reasons, the FDA's motion to dismiss should be denied and its motion for summary judgment should be stayed pending the FDA's processing of Judicial Watch's April 18, 2007 and April 20, 2007 FOIA requests.

| | |
|---|---|
| June 1, 2007 | Respectfully submitted, |
| | JUDICIAL WATCH, INC. |
| | |
| | /s/ Paul J. Orfanedes |
| | D.C. Bar No. 429716 |
| | Meredith L. Di Liberto |
| | D.C. Bar No. 487733 |
| | Suite 500 |
| | 501 School Street, S.W. |
| | Washington, DC 20024 |
| | (202) 646-5172 |
| | |
| | *Attorneys for Plaintiff* |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-00561 (RCL) |
| ) | |
| U.S. FOOD AND DRUG ) | |
| ADMINISTRATION ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE DISPUTE AND PLAINTIFF'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE DISPUTE**

Plaintiff Judicial Watch, Inc. ("Judicial Watch"), by counsel and pursuant to LcvR 56.1, submits the following response to Defendant U.S. Food and Drug Administration's ("FDA") Statement of Material Facts as to Which There is No Genuine Issue:

1. Undisputed.

2. Undisputed.

3. Undisputed.

4. Undisputed as to the statement that the FDA sent responsive records on and that nothing was redacted from these records. Whether the FDA produced any and all responsive records remains a material fact in genuine dispute. Plaintiff's Rule 56(f) Affidavit at ¶¶ 8-10.

5. Deny that the processing of Judicial Watch's FOIA request was "quick." Seven months passed between the request and the production. Plaintiff's Rule 56(f) Affidavit at ¶¶ 2, 6.

6. Undisputed that the FDA produced a handful of documents on April 6, 2007. Whether the search was thorough is a material fact in genuine dispute.

7. Deny at this time due to a lack of information.

8. Deny at this time due to a lack of information.

9. Deny at this time due to a lack of information.

10. Undisputed that Judicial Watch did not agree to dismiss the case.

Judicial Watch respectfully submits the following statement of material facts as to which there is no genuine issue:

1. On April 18, 2007, Judicial Watch served a FOIA request on the FDA seeking communications and correspondence between the FDA and Senator Patty Murray regarding Plan B. Plaintiff's Rule 56(f) Affidavit at ¶ 11.

2. The FDA acknowledged receipt of the April 18, 2007 request on April 20, 2007. Plaintiff's Rule 56(f) Affidavit at ¶ 12.

3. On April 20, 2007, Judicial Watch served a FOIA request on the FDA seeking communications and correspondence between the FDA and Senator Michael Enzi regarding Plan B. Plaintiff's Rule 56(f) Affidavit at ¶ 13.

4. The FDA acknowledged receipt of the April 20, 2007 request on April 23, 2007. Plaintiff's Rule 56(f) Affidavit at ¶ 14.

5. The FDA has not substantively responded to either the April 18, 2007 request or the April 20, 2007 request. Plaintiff's Rule 56(f) Affidavit at ¶ 15.

6. On May 30, 2007, Judicial Watch amended its complaint to include the April 18, 2007 and April 20, 2007 FOIA requests. Plaintiff's Rule 56(f) Affidavit at ¶ 16.

7. Deny at this time due to a lack of information.

8. Deny at this time due to a lack of information.

9. Deny at this time due to a lack of information.

10. Undisputed that Judicial Watch did not agree to dismiss the case.

Judicial Watch respectfully submits the following statement of material facts as to which there is no genuine issue:

1. On April 18, 2007, Judicial Watch served a FOIA request on the FDA seeking communications and correspondence between the FDA and Senator Patty Murray regarding Plan B. Plaintiff's Rule 56(f) Affidavit at ¶ 11.

2. The FDA acknowledged receipt of the April 18, 2007 request on April 20, 2007. Plaintiff's Rule 56(f) Affidavit at ¶ 12.

3. On April 20, 2007, Judicial Watch served a FOIA request on the FDA seeking communications and correspondence between the FDA and Senator Michael Enzi regarding Plan B. Plaintiff's Rule 56(f) Affidavit at ¶ 13.

4. The FDA acknowledged receipt of the April 20, 2007 request on April 23, 2007. Plaintiff's Rule 56(f) Affidavit at ¶ 14.

5. The FDA has not substantively responded to either the April 18, 2007 request or the April 20, 2007 request. Plaintiff's Rule 56(f) Affidavit at ¶ 15.

6. On May 30, 2007, Judicial Watch amended its complaint to include the April 18, 2007 and April 20, 2007 FOIA requests. Plaintiff's Rule 56(f) Affidavit at ¶ 16.

June 1, 2007                                         Respectfully submitted,

                                                        JUDICIAL WATCH, INC.

                                                       /s/  Paul J. Orfanedes
                                                      D.C. Bar No. 429716
                                                      Meredith L. Di Liberto
                                                      D.C. Bar No. 487733
                                                      Suite 500
                                                      501 School Street, S.W.
                                                      Washington, DC 20024
                                                      (202) 646-5172

                                                      *Attorneys for Plaintiff*

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-00561 (RCL) |
| | ) | |
| U.S. FOOD AND DRUG ADMINISTRATION | ) ) | |
| | ) | |
| Defendant. | ) ) | |

## PLAINTIFF'S RULE 56(f) AFFIDAVIT

Meredith L. Di Liberto, being duly sworn, hereby deposes and says:

1. Meredith L. Di Liberto is an attorney with Judicial Watch, Inc. ("Judicial Watch") and, based upon information obtained during the course of this case, has personal knowledge of the facts set forth below.

2. On August 22, 2006, Judicial Watch served a FOIA request on the U.S. Food and Drug Administration ("FDA") seeking communications and correspondence between the FDA and Senator Hillary Rodham Clinton ("Senator Clinton") regarding the consideration of ".75 levonorgestrel," commonly referred to as "Plan B" for over-the-counter use. Plan B is advertised as a "morning after" contraception pill.

3. The FDA acknowledged receipt of the FOIA request on August 24, 2006.

4. The FDA failed to produce any responsive records or otherwise respond to the request in a substantive manner as of March 21, 2007.

5. On March 21, 2007, Judicial Watch filed this lawsuit for violations of FOIA.

6. On April 6, 2007, the FDA produced twenty-eight (28) pages of records to

Judicial Watch in response to the August 22, 2006 FOIA request.

7. The first six (6) pages are duplicates, so the production is actually twenty-four (24) original pages of records. The records consist of: one letter from a handful of senators, including Senators Clinton and Murray, to FDA expressing "concern" and requesting a meeting, excerpts from the Congressional Record, Senator Clinton's "Questions for the Record" to Dr. Andrew von Eschenbach and a handful of emails setting up a meeting between Senators Clinton, Murray and Dr. von Eschenbach

8. After reviewing the production, I realized that it did not include any communications or correspondence regarding Senator Clinton's very public hold on the nomination of Dr. von Eschenbach for FDA Commissioner.

9. I performed approximately three hours of internet research and discovered press releases issued by Senator Clinton describing her substantive involvement and advocacy for approval of OTC Plan B and her hold on the nomination of Dr. von Eschenbach. I also found excerpts from the Congressional Record regarding Senator Clinton's hold on Dr. von Eschenbach's nomination and a slew of media reports regarding the same subject. Additionally, I read a multitude of media reports on Senator Clinton's and Senator Murray's involvement in holding up the nomination of Dr. von Eschenbach. These publications included: the New York Times, the Boston Globe, the Washington Post, the Chicago Tribune, the Lexington Herald Leader, the Chattanooga Times Free Press, the Columbus Dispatch, television news transcripts, law reviews, medical journals and magazines and congressional publications.

10. The results of the research lead Judicial Watch to believe it had not received a

complete picture of the matter, and, consequently, Plaintiff served two additional, interrelated FOIA requests on the FDA.

11. On April 18, 2007, Judicial Watch served a FOIA request on the FDA seeking communications and correspondence between the FDA and Senator Patty Murray ("Senator Murray") regarding Plan B.

12. The FDA acknowledged receipt of the April 18, 2007 request on April 20, 2007. The FDA's response was due on May 18, 2007.

13. On April 20, 2007, Judicial Watch served a FOIA request on the FDA seeking communications and correspondence between the FDA and Senator Michael Enzi ("Senator Enzi") regarding Plan B.

14. The FDA acknowledged receipt of the April 20, 2007 request on April 23, 2007. The FDA's response was due on May 21, 2007.

15. The FDA failed to produce any responsive records or otherwise respond to the request in a substantive manner as of May 30, 2007.

16. On May 30, 2007, Judicial Watch amended its complaint to include FOIA violations related to the April 18, 2007 and April 20, 2007 FOIA requests.

17. It is imperative that Judicial Watch receive all of the non-exempt, responsive records from its April 18, 2007 and April 20, 2007 FOIA requests in order to determine whether the FDA has properly discharged its FOIA obligations.

18. Based on published news reports that I have viewed, Senators Murray and Enzi collaborated closely with Senator Clinton in her advocacy of over-the-counter approval of Plan B, including but not limited to, meeting with Dr. Andrew von Eschenbach. Also based on

published news reports and press releases, Senator Murray joined Senator Clinton in placing a hold on the nomination of Dr. Andrew von Eschenbach for FDA Commissioner.

I declare under penalty of law that the foregoing is true and correct to the best of my knowledge, information and belief. Executed on June 1, 2007 in Washington, D.C.

_____
Meredith L. Di Liberto
D.C. Bar No. 487733

# EXHIBIT 2

# NEW YORK
# Senator Hillary Rodham Clinton
## STATEMENTS & RELEASES

Home | News | Contact | About | Services | Issues | New York

August 7, 2006

## Senator Clinton, Healthcare Advocates Join in Calling for a Decision on Plan B

*Senator Clinton, representatives from NARAL, Planned Parenthood, Family Planning Advocates and the healthcare community call for politics to be removed from the approval process*
*Senator calls on Bush Administration to reject a recess appointment for FDA Acting Commissioner von Eschenbach*

**New York, NY** - Senator Hillary Rodham Clinton today joined with healthcare advocates and representatives from Planned 
Parenthood, NARAL Pro-Choice New York and Family Planning Advocates of New York State at a press conference to call on Acting FDA Commissioner Andrew von Eschenbach to stop the continual delaying tactics and make a decision on Plan B.

"We're within months of the three year mark since the FDA's own expert staff and advisory panels voted overwhelmingly to make this emergency birth control available without a prescription, with no age restriction. During this time we have seen two successive FDA commissioners block Plan B from being sold over the counter, overruling the FDA's medical experts, advisors, and the recommendations of over 70 organizations, including the American Medical Association and the American Academy of Pediatrics," Senator Clinton said "It is outrageous that under this Administration, an agency entrusted with making unbiased decisions based on science has abused its authority and allowed ideology to govern its decision-making."

Senator Clinton, along with her colleague Senator Patty Murray, has long been fighting for a decision on Plan B's application. Last week the Senators underscored that they will maintain their hold on von Eschenbach's nomination for FDA Commissioner until a decision is made.

"Our citizens look to the FDA to give its Good Housekeeping seal of approval. They need to trust that the Agency is making decisions based solely on science. I'm afraid that the gold standard which FDA has held for so long is in jeopardy. At a time when

too many decisions in Washington are being governed by politics and not the facts, we need to make our voices heard that this delay is unacceptable and the FDA owes the American people a decision," Senator Clinton said.

At the press conference, at the Helen B. Atkinson Health Center, Senator Clinton, who was also joined by Assemblyman Keith Wright, called on the Administration to reject a recess appointment for von Eschenbach. "My colleague Patty Murray and I have placed a hold on von Eschenbach's nomination. I call on the President to respect the role of the Senate and not bypass Congress by appointing von Eschenbach during the recess," Senator Clinton said.

"Planned Parenthood calls on the FDA to quit stalling and live up to its mission of protecting the public's health and well-being. There is no scientific basis for denying EC over-the-counter availability. For too long, the FDA has put ideology above science and the health of women and families," said Joan Malin, President and CEO, Planned Parenthood of New York City.

"The 62 million American women of child bearing age have been awaiting action from the FDA for three long years now. In that time, politics have been allowed to trump science and the integrity of the FDA's decision making process has become suspect. If the FDA is to regain the public trust, they must keep their promise and issue a decision - one that is based on their own medical findings. They must move to make emergency contraception over the counter. We can wait no longer," said Mary Alice Carr, Vice President for Communications, NARAL Pro-Choice New York.

"We thank Senator Clinton for standing up for women's health and pushing the FDA to make a decision on this critical issue," said Catherine Abate, chair of the board of Family Planning Advocates of New York State and president and CEO of Community Healthcare Network. "The FDA's own advisory committees recommended making Plan B available over the counter, yet the scientific evidence continues to be ignored with each new delay tactic the Agency introduces."

At his Senate confirmation hearing last week, Senator Clinton pressed acting FDA Commissioner Andrew von Eschenbach on the continuing unusual handling of the pending application to sell Plan B over the counter. After years of delay and nearly a year of silence on the Plan B application, FDA on the eve of Dr. von Eschenbach's confirmation hearing sent a letter to the manufacturer of Plan B asking for a meeting to discuss the status of the application. Senator Clinton, along with Senator Patty Murray, placed a hold on Dr. von Eschenbach's nomination and made clear they would not lift the hold until the FDA makes a decision on Plan B, yes or no. Senator Clinton recently made clear that this hold will stay in place until the FDA makes a decision.

At the hearing last week, Senator Clinton questioned Dr. von Eschenbach on whether or not he would accept a recess appointment before a decision is made on Plan B. Dr. von Eschenbach indicated that he wanted the Senate Committee to consider his nomination on the merits. Senator Clinton also pressed Dr. von Eschenbach on a

letter released by the FDA that suggested that, if the FDA approves Plan B for over the counter sale to those 18 and over, the FDA would hold the maker of Plan B to an unusual standard, requiring the producer – not retailers selling Plan B – to police and enforce age restrictions on the sale of Plan B. Senator Clinton secured a commitment from Dr. von Eschenbach that the FDA would not hold the producer of Plan B to unprecedented standards to enforce limitations on its sale beyond what has been expected of any other company.

###

clinton.senate.gov