IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-00561 (RCL) |
| ) | |
| U.S. FOOD AND DRUG ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**PLAINTIFF'S MOTION TO CLARIFY OR, IN THE ALTERNATIVE,
FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff, Judicial Watch, Inc. ("Judicial Watch"), respectfully submits this Motion to Clarify or, in the Alternative, for Leave to File Amended Complaint. As grounds therefor, Plaintiff states as follows:

**MEMORANDUM OF LAW**

**I.    Introduction.**

Judicial Watch filed this Freedom of Information Act ("FOIA") lawsuit on March 31, 2007, after Defendant Food and Drug Administration ("FDA") failed to respond to a request for records served seven (7) months earlier. Within days of Judicial Watch's lawsuit, FDA produced a handful of responsive records. Not satisfied with the FDA's production, Judicial Watch served two additional FOIA requests on the FDA on April 18, 2007 and April 20, 2007, respectively. Again, the FDA failed to respond within the time period required by FOIA.

On May 23, 2007, Judicial Watch filed an Amended Complaint [Docket # 10] in which it added claims against the FDA for these two additional violations of FOIA. Because the FDA

had not filed an answer or unqualified summary judgment motion in response to Judicial Watch's original complaint, Judicial Watch did not seek leave to file its Amended Complaint, as is allowed by Rule 15(a) of the Federal Rules of Civil Procedure.

Rather than filing a timely answer or motion for summary judgment in response to the Amended Complaint, Defendant sent Judicial Watch an e-mail after the close of business on June 6, 2007 in which it asserted that, in its view, Judicial Watch's May 23, 2007 filing was a supplemental pleading, not an amended pleading.[1]  Because, in the FDA's view, the Amended Complaint was not an amended pleading at all, but instead was a supplemental pleading, the FDA asserted that Judicial Watch was required to seek leave of court under Rule 15(d) before filing the document.

The distinction between an amended pleading and a supplemental pleading is largely insignificant.  "It is true that these labels are often confused in practice and that the distinction is in most instances of little moment."  *U.S. v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002).  In addition, the Federal Rules of Civil Procedure are silent on whether a new, subsequently arisen claim must be asserted in an amended complaint or whether it must be asserted in a supplemental pleading.  The statement in Rule 15(d) that "[i]f the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor" would appear to indicate that supplemental pleadings are not intended to address new legal claims at all. The rules also are silent on whether leave of court must be obtained to file a supplemental

---

[1]  Under Rule 15(a), a party on whom an amended pleading is served is required to respond within the time remaining for response to the original pleading or within ten days after service of the amended pleading, whichever period is longer.  Here, Defendant was required to respond by June 6, 2007, but failed to do so.  Judicial Watch has not yet sought entry of a default, but reserves the right to do so.

pleading when an amendment to a complaint may be made properly without obtaining leave of court.

Nonetheless, because Defendant has raised the issue and Judicial Watch wishes to avoid unnecessary procedural obstacles that otherwise might further delay the timely adjudication of this matter and, ultimately, the production of responsive documents, Judicial Watch respectfully submits this motion to clarify or, in the alternative, for leave to file its Amended Complaint. Regardless of whether the May 23, 2007 filing is considered an Amendment Complaint or a supplement pleading, Defendant should be required to answer or otherwise respond without further delay.

II.     **Argument**.

A motion to dismiss, or, in the alternative, for summary judgment is not a "responsive pleading" for purposes of Rule 15(a). *Bowden v. U.S.*, 176 F.3d 552, 555 (D.C. Cir. 2002). Because the FDA did not file an answer or unqualified motion for summary judgment in response to Judicial Watch's original complaint, it was entirely proper for Judicial Watch to file an Amended Complaint without first seeking leave to do so.

Rather than filing a timely answer or appropriate motion, the FDA instead has attempted to re-characterize Judicial Watch's Amended Complaint as a supplemental pleading. On its face, Rule 15(d), which governs supplemental pleadings, does not expressly address new legal claims a party might seek to assert, but instead merely refers to "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed.R.Civ.P. 15(d). By contrast, Judicial Watch's Amended Complaint raises two entirely new legal claims against the FDA for violations of FOIA. It seeks to compel the FDA's compliance with respect

3

to two additional FOIA requests to which the FDA failed to respond. Although substantially similar to the request that is the subject of the original complaint, neither of these two requests had been served on the FDA at the time the original complaint was filed.

Each FOIA request constitutes a "distinct transaction." *Aftergood v. Central Intelligence Agency*, 225 F. Supp. 2d 27, 31 (D.D.C. 2002) (Urbina, J.). A new FOIA request is "separate in time and substance" from prior requests. *Hall v. Central Intelligence Agency*, 2003 U.S. Dist. LEXIS 26397, *4 (D.D.C. November 13, 2003) (Friedman, J.). The two additional FOIA requests Judicial Watch served on the FDA in April 2007, and the FDA's failure to respond to either of them, thus gave rise to new, separate and distinct legal claims that Judicial Watch properly asserted against the FDA in its Amended Complaint. These new, separate and distinct legal claims cannot be re-characterized merely as "transactions or occurrences or events" that happened since the filing of the original complaint. Rule 15(d) does not apply.

In the unlikely event the Court determines that the Amended Complaint is, in fact, a supplemental pleading, applicable case law clearly supports granting Judicial Watch leave to assert its additional legal claims against FDA. The circumstances of this case are not unlike *Aftergood*, although in *Aftergood*, the time for filing an amended complaint without leave of court had long since expired when the plaintiff sought to add a new FOIA claim to his lawsuit and the Court did not address the issue of whether the new claim could have been asserted in an amended complaint rather than in a supplemental pleading. In *Aftergood*, the plaintiff was granted leave to assert an additional FOIA claim where the two FOIA requests at issue were "substantially similar." *Aftergood*, 225 F. Supp.2d at 30. The Court noted:

> Supplemental pleadings may introduce new causes of action not alleged in the original complaint so long as their introduction does not create surprise or

4

> prejudice the rights of the adverse party. Moreover, "leave to file a supplemental pleading should be freely permitted when the supplemental facts connect it to the original pleading." Finally, the purpose of pleading "is to facilitate a proper decision on the merits" and avoid the dismissal of potentially meritorious claims due to procedural missteps.

*Id.* at 30 (internal citations omitted). In *Aftergood*, the statute of limitations had expired on the plaintiff's original FOIA claim, and the plaintiff had filed a second, "substantially identical" FOIA request to which the defendant failed to respond. The Court dismissed the plaintiff's original FOIA claims on statute of limitations grounds, but granted the plaintiff leave to file a supplemental pleading asserting a new FOIA claim based on the second request, declaring that "granting the plaintiff's motion will not surprise or prejudice the defendant that is already familiar with the [earlier] request." *Id*. at 31.

Judicial Watch's FOIA requests to the FDA are substantially similar. All three concern contacts and communications between the FDA and members of Congress regarding the over-the-counter approval of the "morning after" abortion pill known as "Plan B." The only substantive difference is that the first request sought records of contacts and communications between the FDA and Senator Hillary Rodham Clinton regarding "Plan B," and the second and third requests sought records of contacts and communications between the FDA and Senators Patty Murray and Michael Enzi, respectively, regarding "Plan B." There will be no surprise or prejudice to the FDA if leave is granted, as this litigation remains in its initial phase.

In addition, Rule 15(a) states that "leave shall be freely given when justice so requires." In addressing the circumstances under which leave "shall be freely given," the U.S. Supreme Court has declared:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the

5

> merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, *etc*.-- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Indeed, not granting leave to file an amended complaint without providing a sufficient reason for the denial may constitute an abuse of discretion, and Rule 15(a)'s "command" that such leave be freely given "severely restricts" a court's discretion to dismiss an action without granting leave to amend. *Caribbean Broadcasting System, Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1083-84 (D.C. Cir. 1998) (citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (1996) and *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)).

In the present case, none of the reasons against granting leave to file set forth by the U.S. Supreme Court are present in this case. There is simply no justifiable reason why Judicial Watch should be denied leave to file its Amended Complaint.

In sum, it was entirely appropriate for Judicial Watch to assert its new FOIA claims against the FDA by filing a Amended Complaint under Fed. R. Civ. P. 15(a) without first seeking leave of court. However, even if Judicial Watch's Amended Complaint is construed to be a supplemental pleading for which leave of court is required under Rule 15(d), more than sufficient grounds exist for leave to be granted. The FDA should be required to respond to the Amended Complaint without further delay.

Dated: June 12, 2007

Respectfully Submitted,

JUDICIAL WATCH, INC.

<u>/s/ Paul J. Orfanedes</u>
D.C. Bar No. 429716
Meredith L. Di Liberto
D.C. Bar No. 487733
Suite 500
501 School Street, S.W.
Washington, DC 20024
(202) 646-5172

*Attorneys for Plaintiff*

**LOCAL RULE 7(m) CERTIFICATE OF COUNSEL**

  On June 8, 2007, I contacted Robin Merriweather, Esq., counsel for Defendant Food and Drug Administration, via e-mail, to confer with her and to inquire whether her client would consent to or oppose this motion. Ms. Merriweather declined to state that her client would oppose the motion, but stated that her client did not consent to it.

            /s/  Meredith L. Di Liberto

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. FOOD AND DRUG )<br>ADMINISTRATION, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No.: 07-00561 (RCL) |

**[PROPOSED] ORDER**

Upon consideration of Plaintiff's Motion to Clarify or, in the Alternative, for Leave to File Amended Complaint, any opposition thereto, and the entire record herein, it is hereby

ORDERED that:

1.  The motion is granted.

2.  Defendant shall file an answer or otherwise respond to the Amended Complaint within five (5) days of the entry of this order.

SO ORDERED.

DATE: _____    _____
                        The Honorable Royce C. Lamberth, U.S.D.J.