IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-00561 (RCL) |
| ) | |
| U.S. FOOD AND DRUG ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**PLAINTIFF'S MOTION TO CLARIFY OR, IN THE ALTERNATIVE,
FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff, Judicial Watch, Inc. ("Judicial Watch"), respectfully submits this Motion to Clarify or, in the Alternative, for Leave to File Amended Complaint. As grounds therefor, Plaintiff states as follows:

**MEMORANDUM OF LAW**

**I.    Introduction.**

Judicial Watch filed this Freedom of Information Act ("FOIA") lawsuit on March 31, 2007, after Defendant Food and Drug Administration ("FDA") failed to respond to a request for records served seven (7) months earlier. Within days of Judicial Watch's lawsuit, FDA produced a handful of responsive records. Not satisfied with the FDA's production, Judicial Watch served two additional FOIA requests on the FDA on April 18, 2007 and April 20, 2007, respectively. Again, the FDA failed to respond within the time period required by FOIA.

On May 30, 2007, Judicial Watch filed an Amended Complaint [Docket #11] in which it added claims against the FDA for these two new violations of FOIA. Because the FDA had not

filed an answer or unqualified summary judgment motion in response to Judicial Watch's original complaint, Judicial Watch did not seek leave to file its Amended Complaint, as is allowed by Rule 15(a) of the Federal Rules of Civil Procedure.

On June 6, 2007, FDA advised Judicial Watch that, in the FDA's view, Judicial Watch's May 30, 2007 filing was a supplemental pleading, not an amended pleading. Because, in the FDA's view, the Amended Complaint was not an amended pleading at all, but instead was a supplemental pleading, the FDA asserted that Judicial Watch was required to seek leave of court under Rule 15(d) before filing the document.

The distinction between an amended pleading and a supplemental pleading is largely insignificant. "It is true that these labels are often confused in practice and that the distinction is in most instances of little moment." *U.S. v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002). In addition, the Federal Rules of Civil Procedure are silent on whether a new, subsequently arisen claim must be asserted in an amended complaint or whether it must be asserted in a supplemental pleading. The statement in Rule 15(d) that "[i]f the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor" would appear to indicate that supplemental pleadings are not intended to address new legal claims at all. The rules also are silent on whether leave of court must be obtained to file a supplemental pleading when an amendment to a complaint may be made properly without obtaining leave of court.

Nonetheless, because Defendant has raised the issue and Judicial Watch wishes to avoid unnecessary procedural obstacles that otherwise might delay the timely adjudication of this matter and, ultimately, the production of responsive documents, Judicial Watch respectfully

2

submits this motion to clarify or, in the alternative, for leave to file its Amended Complaint. Regardless of whether the May 30, 2007 filing is considered an Amendment Complaint or a supplement pleading, Defendant should be required to answer or otherwise respond without further delay.[1]

**II.    Argument.**

A motion to dismiss, or, in the alternative, for summary judgment is not a "responsive pleading" for purposes of Rule 15(a). *Bowden v. U.S.*, 176 F.3d 552, 555 (D.C. Cir. 2002). Because the FDA did not file an answer or unqualified motion for summary judgment in response to Judicial Watch's original complaint, it was entirely proper for Judicial Watch to file an Amended Complaint without first seeking leave to do so.

Rather than filing a timely answer or appropriate motion, the FDA instead has attempted to re-characterize Judicial Watch's Amended Complaint as a supplemental pleading. On its face, Rule 15(d), which governs supplemental pleadings, does not expressly address new legal claims a party might seek to assert, but instead merely refers to "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed.R.Civ.P. 15(d). By contrast, Judicial Watch's Amended Complaint raises two entirely new legal claims against the FDA for violations of FOIA. It seeks to compel the FDA's compliance with respect to two additional FOIA requests to which the FDA failed to respond. Although substantially

---

[1] Under Rule 15(a), a party on whom an amended pleading is served is required to respond within the time remaining for response to the original pleading or within ten days after service of the amended pleading, whichever period is longer. Here, because Judicial Watch filed and served its Amended Complaint on May 30, 2007, the FDA is required to respond by June 18, 2007.

similar to the request that is the subject of the original complaint, neither of these two requests had been served on the FDA at the time the original complaint was filed.

Each FOIA request constitutes a "distinct transaction." *Aftergood v. Central Intelligence Agency*, 225 F. Supp. 2d 27, 31 (D.D.C. 2002) (Urbina, J.). A new FOIA request is "separate in time and substance" from prior requests. *Hall v. Central Intelligence Agency*, 2003 U.S. Dist. LEXIS 26397, *4 (D.D.C. November 13, 2003) (Friedman, J.). The two additional FOIA requests Judicial Watch served on the FDA in April 2007, and the FDA's failure to respond to either of them, thus gave rise to new, separate and distinct legal claims that Judicial Watch properly asserted against the FDA in its Amended Complaint. These new, separate and distinct legal claims cannot be re-characterized merely as "transactions or occurrences or events" that happened since the filing of the original complaint. Rule 15(d) does not apply.

In the unlikely event the Court determines that the Amended Complaint is, in fact, a supplemental pleading, applicable case law clearly supports granting Judicial Watch leave to assert its additional legal claims against FDA. The circumstances of this case are not unlike *Aftergood*, although in *Aftergood*, the time for filing an amended complaint without leave of court had long since expired when the plaintiff sought to add a new FOIA claim to his lawsuit and the Court did not address the issue of whether the new claim could have been asserted in an amended complaint rather than in a supplemental pleading. In *Aftergood*, the plaintiff was granted leave to assert an additional FOIA claim where the two FOIA requests at issue were "substantially similar." *Aftergood*, 225 F. Supp.2d at 30. The Court noted:

> Supplemental pleadings may introduce new causes of action not alleged in the original complaint so long as their introduction does not create surprise or prejudice the rights of the adverse party. Moreover, "leave to file a supplemental pleading should be freely permitted when the supplemental facts connect it to the

> original pleading." Finally, the purpose of pleading "is to facilitate a proper decision on the merits" and avoid the dismissal of potentially meritorious claims due to procedural missteps.

*Id.* at 30 (internal citations omitted). In *Aftergood*, the statute of limitations had expired on the plaintiff's original FOIA claim, and the plaintiff had filed a second, "substantially identical" FOIA request to which the defendant failed to respond. The Court dismissed the plaintiff's original FOIA claims on statute of limitations grounds, but granted the plaintiff leave to file a supplemental pleading asserting a new FOIA claim based on the second request, declaring that "granting the plaintiff's motion will not surprise or prejudice the defendant that is already familiar with the [earlier] request." *Id.* at 31.

Judicial Watch's FOIA requests to the FDA are substantially similar. All three concern contacts and communications between the FDA and members of Congress regarding the over-the-counter approval of the "morning after" abortion pill known as "Plan B." The only substantive difference is that the first request sought records of contacts and communications between the FDA and Senator Hillary Rodham Clinton regarding "Plan B," and the second and third requests sought records of contacts and communications between the FDA and Senators Patty Murray and Michael Enzi, respectively, regarding "Plan B." There will be no surprise or prejudice to the FDA if leave is granted, as this litigation remains in its initial phase.

In addition, Rule 15(a) states that "leave shall be freely given when justice so requires." In addressing the circumstances under which leave "shall be freely given," the U.S. Supreme Court has declared:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

>deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, *etc*.-- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  Indeed, not granting leave to file an amended complaint without providing a sufficient reason for the denial may constitute an abuse of discretion, and Rule 15(a)'s "command" that such leave be freely given "severely restricts" a court's discretion to dismiss an action without granting leave to amend. *Caribbean Broadcasting System, Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1083-84 (D.C. Cir. 1998) (citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (1996) and *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)).

In the present case, none of the reasons against granting leave to file set forth by the U.S. Supreme Court are present in this case.  There is simply no justifiable reason why Judicial Watch should be denied leave to file its Amended Complaint.  Although the Amended Complaint already has been filed and entered on the docket [*see* Docket #11], an additional copy is attached hereto as Exhibit A.

In sum, it was entirely appropriate for Judicial Watch to assert its new FOIA claims against the FDA by filing a Amended Complaint under Fed. R. Civ. P. 15(a) without first seeking leave of court.  However, even if Judicial Watch's Amended Complaint is construed to be a supplemental pleading for which leave of court is required under Rule 15(d), more than sufficient grounds exist for leave to be granted.  The FDA should be required to respond to the Amended Complaint on or before June 18, 2007, or within five days of entry of an order granting this motion, whichever is the later date.

Dated:  June 12, 2007

Respectfully Submitted,

JUDICIAL WATCH, INC.

<u>/s/ Paul J. Orfanedes</u>
D.C. Bar No. 429716
Meredith L. Di Liberto
D.C. Bar No. 487733
Suite 500
501 School Street, S.W.
Washington, DC 20024
(202) 646-5172

*Attorneys for Plaintiff*

**LOCAL RULE 7(m) CERTIFICATE OF COUNSEL**

     On June 8, 2007, I contacted Robin Merriweather, Esq., counsel for Defendant Food and Drug Administration, via e-mail, to confer with her and to inquire whether her client would consent to or oppose this motion. Ms. Merriweather declined to state that her client would oppose the motion, but stated that her client did not consent to it.

                                        /s/  Meredith L. Di Liberto

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-00561 (RCL) |
| ) | |
| U.S. FOOD AND DRUG ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## AMENDED COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant Food and Drug Administration ("FDA") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Judicial Watch, Inc. alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Judicial Watch, Inc. is a non-profit, educational organization incorporated under the laws of the District of Columbia and having its principal place of business at 501 School Street, S.W., Suite 500, Washington, DC 20024.

4. Defendant FDA is an agency of the United States Government. Defendant FDA has its principal place of business at 5600 Fishers Lane, Rockville, MD 20857. Defendant FDA has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.  On August 22, 2006, Plaintiff sent a FOIA request to Defendant FDA seeking access to the following records:

   a.  Any and/or all communications and/or correspondence between the FDA and Senator Hillary Rodham Clinton (D-NY) regarding ".75 levonorgestrel," also sold under the trade name "Plan B."

   b.  Any and/or all communications and/or correspondence between the FDA and any agent and/or representative of Senator Hillary Rodham Clinton (D-NY), and/or the Office of Senator Hillary Rodham Clinton regarding ".75 levonorgestrel," also sold under the trade name "Plan B."

6.  Defendant FDA acknowledged receipt of Plaintiff's FOIA request by letter dated August 24, 2006.

7.  Defendant FDA was required by 5 U.S.C. § 552(a)(6)(A)(i) to respond to Plaintiff's FOIA request within twenty (20) business days, or on or about September 20, 2006.

8.  As of March 21, 2007, Defendant FDA failed to produce records responsive to Plaintiff's request or otherwise respond to the request in any fashion. Plaintiff filed suit on March 21, 2007.

9.  On April 18, 2007, Plaintiff sent a FOIA request to Defendant FDA seeking access to the following records:

   a.  Any and/or all communications and/or correspondence between the FDA and Senator Patty Murray (D-WA) regarding ".75 levonorgestrel," also sold under the trade name "Plan B."

   b.  Any and/or all communications and/or correspondence between the FDA and any agent and/or representative of Senator Patty Murray (D-WA), and/or the Office of Senator Patty Murray regarding ".75 levonorgestrel," also sold under the trade name "Plan B."

10. Defendant FDA acknowledged receipt of Plaintiff's FOIA request by letter dated April 20, 2007.

11. Defendant FDA was required by 5 U.S.C. § 552(a)(6)(A)(i) to respond to Plaintiff's FOIA request within twenty (20) business days, or on or about May 18, 2007

12. As of May 30, 2007, Defendant FDA has failed to produce records responsive to Plaintiff's request or otherwise respond to the request in any fashion.

13. On April 20, 2007, Plaintiff sent a FOIA request to Defendant FDA seeking access to the following records:

> a. Any and/or all communications and/or correspondence between the FDA and Senator Michael Enzi (R-WY) regarding ".75 levonorgestrel," also sold under the trade name "Plan B."
>
> b. Any and/or all communications and/or correspondence between the FDA and any agent and/or representative of Senator Michael Enzi (R-WY), and/or the Office of Senator Michael Enzi regarding ".75 levonorgestrel," also sold under the trade name "Plan B."

14. Defendant FDA acknowledged receipt of Plaintiff's FOIA request by letter dated April 23, 2007.

15. Defendant FDA was required by 5 U.S.C. § 552(a)(6)(A)(i) to respond to Plaintiff's FOIA request within twenty (20) business days, or on or about May 21, 2007

16. As of May 30, 2007, Defendant FDA has failed to produce records responsive to Plaintiff's request or otherwise respond to the request in any fashion.

## COUNT 1
(Violation of FOIA)

17. Plaintiff realleges paragraphs 1 through 16 as if fully stated herein.

18.     Defendant FDA has violated FOIA by failing to produce any and all non-exempt records responsive to Plaintiff's FOIA requests of August 22, 2006, April 18, 2007 and April 20, 2007 within the twenty (20) day time period required by 5 U.S.C. § 552(a)(6)(A)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) declare Defendant's failure to comply with FOIA to be unlawful; (2) require Defendant to search for and produce any and all non-exempt records responsive to Plaintiff's FOIA requests; (3) require Defendant to produce *Vaughn* indices of any responsive records subject to a claim of exemption; (4) enjoin Defendant from continuing to withhold any and all non-exempt, responsive records from Plaintiff; (5) grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (6) grant Plaintiff such other relief as the Court deems just and proper.

Dated: May 30, 2007

Respectfully submitted,

JUDICIAL WATCH, INC.

/s/ Paul J. Orfanedes
D.C. Bar No. 429716
Meredith L. Di Liberto
D.C. Bar No. 487733
Suite 500
501 School Street, S.W.
Washington, DC 20024
(202) 646-5172

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 07-00561 (RCL) |
| | ) |
| U.S. FOOD AND DRUG | ) |
| ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**[PROPOSED] ORDER**

Upon consideration of Plaintiff's Motion to Clarify or, in the Alternative, for Leave to File Amended Complaint, any opposition thereto, and the entire record herein, it is hereby

ORDERED that:

1. The motion is granted.

2. Defendant shall file an answer or otherwise respond to the Amended Complaint by June 18, 2007 or within five (5) days of the entry of this order, whichever is the later date.

SO ORDERED.

DATE: _____    _____
                                                          The Honorable Royce C. Lamberth, U.S.D.J.