**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| JUDICIAL WATCH, INC. ) | |
| ) | |
| Plaintiff, ) | Civil Action No.1:07CV00561(RCL) |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES FOOD AND DRUG ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

### MOTION TO STRIKE OR, IN THE ALTERNATIVE, MOTION FOR ENLARGEMENT OF TIME TO FILE ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S "AMENDED COMPLAINT"

Defendant United States Food and Drug Administration ("FDA"), through undersigned counsel, hereby moves to strike Plaintiff's "Amended Complaint" on the grounds that it is a "supplemental pleading" for which leave of Court is required. In the event that the Court denies Defendant's motion to strike, Defendant requests, in the alternative, that the Court grant Defendant a 30-day enlargement of time to respond to Plaintiff's Amended Complaint, making Defendant's response to that complaint due July 18, 2007. Pursuant to Local Rule 7(m) and Federal Rule of Civil Procedure 26, counsel for Defendant has conferred with counsel for Plaintiff to obtain Plaintiff's position on this motion, and Plaintiff opposes the motion. A proposed order is submitted herewith.

Plaintiff initiated this Freedom of Information Act ("FOIA") action on March 21, 2007. Plaintiff filed a pleading titled "Amended Complaint" May 30, 2007. *See* Dkt. Entry 11. That pleading states that Plaintiff submitted two additional FOIA requests to the FDA approximately

one month after the original complaint was filed, and that the FDA has unreasonably withheld responsive documents. *See* Am. Compl. ¶¶ 9, 13.

The "Amended Complaint" was not the type of complaint that could be filed as of right pursuant to Federal Rule of Civil Procedure 15(a), and therefore should be stricken. The complaint involves new FOIA requests that post-date the original complaint. Judicial Watch's submission of those new FOIA requests and the alleged expiration of the twenty-day period for FDA to respond are "transactions or occurrences or events which have happened since the date of the [original] pleading." Fed. R. Civ. P. 15(d). Accordingly, the "Amended Complaint" is a "supplemental pleading" governed by Rule 15(d), and not an amendment of the type contemplated under Rule 15(a). *See Hall v. CIA*, 437 F.3d 94, 100 (D.C. Cir. 2006) ("The addition of [a] new FOIA request is plainly a supplemental pleading as defined by [Rule] 15(d)"); *Aftergood v. CIA*, 225 F. Supp. 2d 27, 31 (D.D.C. 2002) (explaining that a FOIA request submitted after complaint was filed is a "new transaction" under Rule 15(d) even though the new request was identical to the prior request); *Montgomery Env. Coal. v. Fri*, 366 F. Supp. 261, 265 (D.D.C. 1973) (concluding plaintiff's "amended complaint" was a "supplemental pleading" because it involved events that postdated the original complaint). The distinction between Rule 15(a) and 15(d) is significant because Rule 15(d) pleadings may be submitted only after obtaining leave of court. *See United States v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002) ("[W]hile a party may freely offer an amendment at any time before a responsive pleading is served, supplements always require leave of the court."); *see also id.* (explaining that the requirement that leave be sought is one of two ways in which the "nomenclature" matters); *Hall*, 437 F.3d at 100.

Plaintiff did not seek leave prior to filing the pleading, and claims that the rules did not

require it to do so. *See* Dkt. Entry 15 at 2-3. That position is incorrect for the reasons set forth above. *See Hall*, 437 F.3d at 100. Thus the amended complaint currently on the docket was filed in contravention of the Federal Rules, and should be stricken. It can only be placed on the record if the Court partially grants Plaintiff's recently-filed "motion to clarify," which includes an alternative request that Plaintiff be granted leave to amend the complaint.[1] *See* Dkt. Entry 15.

If the Court denies Defendant's motion to strike and determines that the "Amended Complaint" is governed by Rule 15(a), Defendant requests, in the alternative, that the Court enlarge the time period for filing an answer or otherwise responding to that complaint. As discussed *supra*, Defendant believes Plaintiff's complaint is governed by Rule 15(d), and was filed without authority. However, if it were a Rule 15(a) amended complaint, it appears that Defendant would have only 10 business days to submit a responsive pleading, making such pleading due June 18, 2007. Given that the amended complaint raises claims concerning new FOIA requests that are different from the original FOIA request at issue in this case, Defendants respectfully submit that they should be given at least as much time to respond as they would have had if Plaintiff had filed a new complaint instead of tacking those claims onto this litigation. A 30-day enlargement should give Defendants a reasonable amount of time to respond

---

[1] Defendant's response to that motion is due June 26, 2007.

to those new claims, in the event that the Court deems the amended complaint valid.

Dated: June 15, 2007                           Respectfully submitted,

                                               /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

                                               /s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

                        /s/ Robin M. Meriweather
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198  Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

**Certificate of Service**

    I hereby certify that on this 15th day of June, 2007, I caused a copy of the foregoing motion to be served upon Plaintiff by the Court's Electronic Case Filing system or, should I receive notice from the ECF system indicating that electronic transmission failed, to be served by first class mail, postage prepaid addressed to:

Paul J. Orfanedes  
Judicial Watch, Inc.  
501 School Street SW  
Suite 500  
Washington, DC 20024-2754

          /s/   Robin M. Meriweather  
          Robin M. Meriweather  
          D.C. Bar # 490114  
          Assistant United States Attorney  
          United States Attorney's Office  
          555 4th St., N.W.  
          Washington, D.C. 20530  
          (202) 514-7198  
          Robin.Meriweather2@usdoj.gov

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES FOOD AND DRUG )<br>ADMINISTRATION, )<br>)<br>)<br>Defendant. )<br>) | Civil Action No.1:07CV00561(RCL) |

## ORDER

Upon consideration of Defendant's Motion to Strike or, in the Alternative, Motion for Enlargement of Time to File Answer or Otherwise Respond to Plaintiff's "Amended Complaint," it is this ____ day of _____, 2007

ORDERED that Defendant's Motion to Strike be and is hereby GRANTED.

It is further ORDERED that Plaintiff's Amended Complaint, Docket Entry 11, be and is hereby STRICKEN from the record.

It is further ORDERED that Defendant's Alternative Motion for Enlargement of Time to File Answer or Otherwise Respond to Plaintiff's "Amended Complaint" be and is hereby DENIED as moot.

SO ORDERED.

_____
United States District Judge