IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 07-00561 (RCL) |
| | ) |
| U.S. FOOD AND DRUG | ) |
| ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE
OR, IN THE ALTERNATIVE, FOR AN
ENLARGEMENT OF TIME**

Plaintiff, Judicial Watch, Inc. ("Judicial Watch"), respectfully submits this opposition to the Motion to Strike or, in the Alternative, Motion for Enlargement of Time to File Answer or Otherwise Respond to Plaintiff's "Amended Complaint," filed by Defendant Food and Drug Administration ("FDA").  As grounds therefor, Plaintiff states as follows:

**MEMORANDUM OF LAW**

The FDA's motion is misguided and should be denied.  As set forth in Plaintiff's Motion to Clarify or, in the Alternative, for Leave to File Amended Complaint (D.E. #15) ("Motion to Clarify"), Judicial Watch properly filed an amended complaint in this Freedom of Information Act ("FOIA") lawsuit on May 30, 2007, as the FDA had not yet filed an answer or responsive pleading.[1]  *See* Fed.R.Civ.P. 15(a).

---

[1] The FDA's motion to dismiss or, in the alternative, for summary judgment is not considered a responsive pleading for purposes of Rule 15(a).  *Bowden v. U.S.*, 176 F.3d 552, 555 (D.C. Cir. 2002).

Relying on an erroneous interpretation of Rule 15, the FDA contacted Judicial Watch on or about June 6, 2007 and asserted that Judicial Watch's Amended Complaint was not an amendment at all, but instead was a supplemental pleading for which leave to file was required under Rule 15(d). The FDA's counsel asserted that, unless Judicial Watch withdrew its Amended Complaint or sought leave to file the pleading, the FDA would file a motion to strike. While Judicial Watch disagreed with the FDA's erroneous assessment, it nonetheless elected to file its Motion to Clarify in order to avoid any unnecessary procedural obstacles that might delay adjudication of this lawsuit or further delay the production of responsive records. The FDA's motion to strike should be denied for the same reasons set forth in Judicial Watch's Motion to Clarify.[2]

Nor should the FDA be allowed additional time in which to respond to the Amended Complaint. First, Judicial Watch already addressed the timing of the FDA's response to the

---

[2] In this regard, the FDA's reliance on *Hall v. CIA*, 437 F.3d 94 (D.C. Cir. 2006) and *Aftergood v. CIA*, 225 F. Supp. 2d 27 (D.D.C. 2002) is misplaced. In both *Hall* and *Aftergood*, the plaintiffs sought to amend their pleadings well after they filed their initial FOIA claims against the CIA. In *Hall*, the plaintiff waited a period of years, and, in *Aftergood*, the plaintiff waited a period of months. Moreover, both plaintiffs expressly sought leave of court. Likewise, *U.S. v. Hicks*, 283 F.3d 380 (D.C. Cir. 2002) also is inapposite because, in that case, the petitioner, a convicted felon, waited more than two years after filing a motion under 28 U.S.C. § 2255 before he filed a supplemental motion. More importantly, not only had the government filed an opposition to the petitioner's original motion, but the court had denied him any relief one week before he filed the "supplement." Clearly, none of these cases has any bearing on Judicial Watch's Amended Complaint, which was filed less than two months after the original complaint and *before* the FDA filed a responsive pleading. The final case relied on by the FDA, *Montgomery Env. Coal. v. Fri*, 366 F. Supp. 261 (D.D.C. 1973), does not even appear to address the issue presented here, which is whether leave is required to present new claims when the time for filing an amended complaint has not yet expired. Rather, *Fri* addresses what appears to be the plaintiffs' efforts to correct their original pleading by filing an amended complaint. The Court found the amendment to be a supplemental pleading instead of an amended complaint, and, after declaring the difference "immaterial," granted the plaintiffs leave *sua sponte*. *Fri*, 366 F. Supp. at 266-67.

Amended Complaint in its proposed order. Specifically, the proposed order states that the FDA "shall file an answer or otherwise respond to the Amended Complaint by June 18, 2007 [the date required by Rule 15(a) based on the May 30, 2007 filing date] or within five (5) days of the entry of this order, whichever is the later date." Moreover, Defendant has not put forth any reasons for why it requires any additional time to file its response, much less thirty (30) days. This is not complex litigation. It is a simple FOIA lawsuit. Judicial Watch's Amended Complaint is only four (4) pages long. There is no reason why the FDA requires thirty (30) more days to formulate a responsive pleading to a four (4) page pleading, especially when the FDA was served with the amended pleading nearly three weeks ago.

     Finally, the FDA's assertion that it requires any extension at all to respond to the Amended Complaint demonstrates the falsity of its entire argument. If the Amended Complaint were not an amendment, but instead were a supplemental pleading, then the FDA would be required to respond "only if the court deems it advisable that the adverse party plead to the supplemental pleading," in which case the court "shall so order, specifying the time therefor." Proposed Order at para. 2. Clearly, the FDA believes it is required to respond to the Amended Complaint. It even asserts that it should have as long to respond to the new FOIA claims asserted in the Amended Complaint as it would have if Judicial Watch had filed a new FOIA lawsuit. The FDA's own assertions demonstrate that Judicial Watch's May 30, 2007 filing is precisely what Judicial Watch says it is: an amended complaint. And because Judicial Watch filed its Amended Complaint before the FDA filed a responsive pleading, leave to file the amended pleading was not required. Fed.R.Civ.P. 15(a).

For the foregoing reasons, and for the reasons set forth in Judicial Watch's Motion to Clarify, the FDA's motion to strike or, in the alternative, for an extension of time, should be denied.

Dated:  June 19, 2007                                          Respectfully Submitted,

                                                                                    JUDICIAL WATCH, INC.

                                                                                    /s/ Paul J. Orfanedes
                                                                                    D.C. Bar No. 429716
                                                                                    Meredith L. Di Liberto
                                                                                    D.C. Bar No. 487733
                                                                                    Suite 500
                                                                                    501 School Street, S.W.
                                                                                    Washington, DC 20024
                                                                                    (202) 646-5172

                                                                                    *Attorneys for Plaintiff*