# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
**JUDICIAL WATCH, INC.,** )
)
    **Plaintiff,** )
)
    **v.** )  **Civil Action No. 07-561 (RCL)**
)
**U.S. FOOD AND DRUG** )
**ADMINISTRATION,** )
)
)
    **Defendant.** )
_____)

## DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant United States Food and Drug Administration ("FDA"), by and through

undersigned counsel, respectfully submits this reply to Plaintiff Judicial Watch, Inc.'s ("Judicial

Watch") opposition to Defendant's Motion to Dismiss, or, in the Alternative, for Summary

Judgment ("Motion to Dismiss").  Judicial Watch's original complaint — which is the only

validly-filed complaint in this action — alleged that the FDA unreasonably withheld documents

responsive to Judicial Watch's August 22, 2006 FOIA request for communications between FDA

and Senator Hillary Rodham Clinton concerning Plan B.  FDA fulfilled that request on April 6,

2007, thereby rendering the case moot.

After receiving Defendant's motion to dismiss, Judicial Watch attempted to revive this

case by filing an amended complaint.  See Dkt. Entry 11.  That new complaint raises new FOIA

claims for requests that Judicial Watch submitted to the agency after the original complaint had

been filed and after the FDA's release of responsive documents mooted the original controversy.

As explained in Defendant's Motion to Strike, the amended complaint is invalid because Judicial

Watch did not seek leave of Court prior to filing it, as required by Federal Rule of Civil Procedure 15(d).  See Dkt. Entry 17.  Accordingly, the original complaint is the only valid complaint in this action, and Defendant's motion to dismiss that complaint as moot — or in the alternative for summary judgment — remains live.

The Court should dismiss the original complaint for the reasons set forth in FDA's Motion to Dismiss.  It cannot seriously be disputed that releasing all responsive documents mooted the controversy raised in that complaint.  That release deprived the Court of subject matter jurisdiction because it eliminated any live controversy that previously existed between the parties.  Judicial Watch has not obtained leave to file an amended complaint, and therefore has not raised a  new live controversy.

In the alternative, the Court should grant Defendant's motion for summary judgment. Judicial Watch has failed to raise any genuine issue of material fact concerning the adequacy of FDA's search in responding to Judicial Watch's original FOIA request.  Judicial Watch's speculation that there might be additional documents FDA did not find cannot overcome the sworn affidavits submitted with Defendant's motion.  Those affidavits clearly establish that FDA conducted a thorough search and released all responsive documents.

## ARGUMENT

## I.     PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE FDA HAS PROVIDED ALL OF THE REQUESTED RECORDS.

FDA's release of all of the records responsive to Judicial Watch's August 22, 2006 FOIA request rendered this case moot.  A case becomes moot when post-complaint changes in the facts or law eliminate any live controversy between the parties, and in FOIA cases that occurs once responsive documents have been released.  See Arizonans for Official English v. Arizona, 520

U.S. 43, 68 n.22 (1997); Crooker v. United States State Dep't, 628 F.2d 9, 10 (D.C. Cir. 1980)

("Once the records are produced [in a FOIA case] the substance of the controversy disappears

and becomes moot since the disclosure which the suit seeks has already been made."). 

Mootness deprives the Court of subject matter jurisdiction.  See City of Houston v. Department

of Housing and Urban Dev., 24 F.3d 1421, 1426 (D.C. Cir. 1994).  This case became moot on

April 6, 2007, when FDA provided Judicial Watch with all of the requested records responsive

to Judicial Watch's original FOIA request.  That release of documents eliminated any "live

controversy" between the parties.  See Mot. to Dismiss at 6-8 (Dkt. Entry 6).  Thus, Judicial

Watch's complaint must be dismissed for lack of subject matter jurisdiction.[1]

Instead of addressing the substance of Defendant's mootness arguments, Judicial Watch's

opposition brief relies solely on Judicial Watch's unilateral submission of an "amended

complaint" on May 30, 2007, and contends that this filing mooted the motion to dismiss.  See Pl.

Opp. at 3 (Dkt. Entry 12).  Although a properly entered amended complaint might moot a motion

to dismiss a prior complaint (by superseding the prior complaint), the "amended complaint"

Judicial Watch filed is null and void because it was submitted without leave of Court.  See Mot.

to Strike (Dkt. Entry 17).  Judicial Watch's apparent belief that it could amend that complaint as

of right is mistaken.  As the D.C. Circuit has recognized, complaints that add new claims based

on new FOIA requests that post-date the original complaint are "supplemental" complaints

---

[1]  Because FDA has responded to Judicial Watch's FOIA request, Plaintiff also has failed
to state a claim for which relief may be granted, which additionally warrants dismissal under
Federal Rule of Civil Procedure 12(b)(6).

governed by Federal Rule of Civil Procedure 15(d),[2] and cannot be filed without leave of Court.
See, e.g., Hall v. CIA,[3] 437 F.3d 94, 100 (D.C. Cir. 2006) ("The addition of [a] new FOIA
request is plainly a supplemental pleading as defined by [Rule] 15(d)"); United States v. Hicks,
283 F.3d 380, 385 (D.C. Cir. 2002) ("[W]hile a party may freely offer an amendment at any time
before a responsive pleading is served, supplements always require leave of the court.").  This
Court has not granted such leave.  Thus, only the original complaint is at issue, Defendant's
motion to dismiss remains live, and the case remains moot.

## II.    IN THE ALTERNATIVE, DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT BECAUSE IT CONDUCTED A REASONABLE AND ADEQUATE SEARCH FOR RESPONSIVE RECORDS.

Alternatively, this Court should enter summary judgment for Defendant because Judicial
Watch has failed to raise any genuine issue of material fact regarding the adequacy of FDA's
search for communications between Senator Clinton and FDA regarding Plan B.  Judicial Watch

---

[2] Rule 15(d) provides:

Supplemental Pleadings. Upon motion of a party the court may, upon reasonable
notice and upon such terms as are just, permit the party to serve a supplemental
pleading setting forth transactions or occurrences or events which have happened
since the date of the pleading sought to be supplemented. Permission may be
granted even though the original pleading is defective in its statements of a claim
for relief or defense. If the court deems it advisable that the adverse party plead to
the supplemental pleading, it shall so order, specifying the time therefor.

Fed. R. Civ. P. 15(d).

[3] Judicial Watch's claim that Hall is distinguishable because that plaintiff waited longer
than Judicial Watch to file a supplemental complaint is mistaken.  Neither Hall nor Rule 15(d)
limits its application to situations in which plaintiffs take months or years to file a new pleading.
The dispositive question is whether the pleading involves "transactions or occurrences or events
which have happened since the date of the pleading sought to be supplemented," Fed. R. Civ. P.
15(d) (emphasis added).  That plainly is the case here.

4

asserts that summary judgment would be "premature" because FDA has not yet responded to Judicial Watch's later-filed FOIA requests, and Judicial Watch "believes these additional records will better allow it to evaluate the adequacy of the FDA's search." Pl. Opp. at 3, 5 (Dkt. Entry 12). However, Rule 56 does not require a defendant to defer a summary judgment motion until plaintiff has marshaled every fact that might possibly support its theory. Instead, defendants may seek summary judgment "at any time." Fed. R. Civ. P. 56(b). In any event, the additional records pertain to communications between <u>other</u> Senators and FDA regarding Plan B, and Judicial Watch does not and cannot articulate any reason why FDA's fulfillment of the later-filed FOIA requests would shed light on the adequacy of FDA's search for communications between Senator <u>Clinton</u> and FDA regarding Plan B.

Judicial Watch's Rule 56(f) affidavit does not raise any issue that would preclude summary judgment. Rather, Judicial Watch's counsel speculates that FDA has failed to provide responsive documents because counsel conducted an internet search in which counsel found press releases issued by Senator Clinton describing her hold on the nomination of Dr. von Eschenbach, as well as excerpts from the Congressional Record and media reports on that subject. <u>See</u> Pl. Opp. at Exh. 1, ¶ 9 (Dkt. Entry 12). FDA's speculation that other documents may exist is irrelevant to the summary judgment inquiry. "The question is not whether there might exist any other documents possibly responsive to the request, but rather whether the <u>search</u> for those documents was <u>adequate</u>." <u>Steinberg v. United States Dep't of Justice</u>, 23 F.3d 548, 551 (D.C. Cir. 1994) (emphasis in original); <u>see also</u> <u>Servicemembers Legal Defense Network v.</u> <u>Department of Defense</u>, 471 F. Supp. 2d 78, 84 (D.D.C. 2007) (holding same): <u>Appleton v. FDA</u>, 451 F. Supp. 2d 129, 137 (D.D.C. 2006) (FOIA does not require agencies to "conduct a perfect

search").  Accordingly, "[m]ere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them."  Safecard Services, Inc. v. SEC, 926 F.2d 1197, 1201 (D.C. Cir. 1991).  Agencies can establish the adequacy of their search by submitting detailed, nonconclusory affidavits describing the extent of the search, and courts accord "substantial weight" to those affidavits.  Morley v. United States CIA, 453 F. Supp. 2d 137, 145 (D.D.C. 2006).

FDA submitted detailed, non-conclusory affidavits to demonstrate that it conducted a reasonable search in accordance with the FOIA and released all responsive documents.  See Mot. to Dismiss (Declarations of Lisa C. Granger, Karen E. Schifter, Indya Mungo, and Carol H. Crim) (Dkt. Entry 6).  Judicial Watch does not challenge any of the details of those declarations, nor could it as those FDA employees are the best witnesses as to how and where FDA searched for records.  Judicial Watch's speculation that, based on the public attention given to this matter, there must have been additional communications directly between FDA and Senator Clinton is entirely unsupported, and does not raise a question of material fact concerning the adequacy of the search.  See Ferranti v. Bureau of Alcohol, Tobacco & Firearms, 177 F. Supp. 2d 41, 48 (D.D.C. 2001) (finding affidavit speculating that other documents might exist "insufficient to overcome summary judgment").  Indeed that speculation would not defeat a summary judgment motion in any type of case.  See Fed. R. Civ. P. 56(e) (the nonmoving party may not rest on mere allegations but "must come forward with 'specific facts showing there is a genuine issue for trial"); see also Burke v. Gould, 286 F.3d 513, 517-20 (D.C. Cir. 2002) (requiring a showing of specific, material facts); Hayes v. Shalala, 902 F.Supp. 259, 263 (D.D.C. 1995) (opposition to summary judgment must consist of more than mere unsupported allegations or denials); Johnson

v. Digital Equip. Corp., 836 F.Supp. 14, 18 (D.D.C. 1993) (evidence that is merely colorable or not sufficiently probative is insufficient to defeat summary judgment).

In any event, the results of FDA's counsel's internet search do not indicate that Senator Clinton communicated directly with FDA on these issues.  In fact, given the contentious nature of Senator Clinton's hold on Dr. von Eschenbach's nomination, it is not surprising that there are so few communications between Senator Clinton and FDA.  After conducting a good-faith search, FDA located and produced (among other documents) emails and calendar records relating to a meeting on March 28, 2006, between Dr. von Eschenbach and Senator Clinton, as well as Dr. von Eschenbach's answers to Senator Clinton's Questions for the Record for his confirmation.  The meeting occurred on Capitol Hill, and there are no notes that transpired from that meeting.  See Mot. to Dismiss at Exh. 1, ¶ 5 (Crim Decl.) (Dkt. Entry 6).  FDA did not locate any additional responsive documents concerning Dr. von Eschenbach's nomination.  FDA's thorough search of all offices likely to have responsive documents was more than "adequate," and FDA therefore is entitled to summary judgment.

## **CONCLUSION**

For the foregoing reasons, the Court should dismiss this action, or alternatively, enter

summary judgment in favor of the defendant.

Dated: June 21, 2007                    Respectfully submitted,


                              _____/s/_____
                              JEFFREY A. TAYLOR, D.C. BAR # 498610
                              United States Attorney


                              _____/s/_____
                              RUDOLPH CONTRERAS, D.C. BAR #434122
                              Assistant United States Attorney

                              _____/s/ Robin M. Meriweather_____
                              ROBIN M. MERIWEATHER, D.C. Bar. # 490114
                              Assistant United States Attorney
                              555 Fourth St., N.W.
                              Washington, D.C.  20530
                              Phone: (202) 514-7198
                              Fax: (202) 514-8780
                              Robin.Meriweather2@usdoj.gov

**Of Counsel:**

   Daniel Meron
   General Counsel

   Sheldon T. Bradshaw
   Chief Counsel
   Food and Drug Division

   Eric M. Blumberg
   Deputy Chief Counsel, Litigation

   Wendy S. Vicente
   Associate Chief Counsel
   United States Department of Health and Human Services
   Office of the General Counsel

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 21st day of June, 2007, I caused a copy of the foregoing

Reply to be served upon Plaintiff by the Court's Electronic Case Filing system or, should I

receive notice from the ECF system indicating that electronic transmission failed, to be served

by first class mail, postage prepaid addressed to:

Paul J. Orfanedes
Judicial Watch, Inc.
501 School Street SW
Suite 500
Washington, DC 20024-2754


                                        _____Robin M. Meriweather_____
                                        Robin M. Meriweather, D.C. Bar # 490114

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____

JUDICIAL WATCH, INC.,                    )
                                         )
                    Plaintiff,           )
                                         )
          v.                             )          Civil Action No. 07-561 (RCL)
                                         )
U.S. FOOD AND DRUG                       )
ADMINISTRATION                           )
                                         )
                                         )
                    Defendant.           )
_____)

## DEFENDANT'S REPLY TO STATEMENT OF MATERIAL
## FACTS AS TO WHICH THERE IS NO GENUINE DISPUTE

Defendant United States Food and Drug Administration ("FDA") hereby submits a reply to Plaintiff's Response to Defendant's Statement of Material Facts as to which there is no Genuine Dispute. Plaintiff also included a Statement of Material Facts as to Which There is No Genuine Issue concerning Judicial Watch's Later-filed FOIA requests. Although the Motion to Dismiss or in the Alternative for Summary Judgment pending before this Court does not concern those requests, FDA responds to that statement to clarify that no genuine issues of material fact preclude disposition of this case on the merits by entry of summary judgment.

1.       Undisputed.

2.       Undisputed.

3.       Undisputed.

4.       Plaintiff's Rule 56(f) affidavit does not raise any issue of material fact concerning the adequacy of FDA's production.

5.       Plaintiff's characterization of FDA's response time to the FOIA request does not

raise any genuine issue of material fact concerning the adequacy of FDA's production.

6.     Nothing in this paragraph raises any genuine issue of material fact concerning the adequacy of FDA's production.

7.     Nothing in this paragraph raises any genuine issue of material fact concerning the adequacy of FDA's production.

8.     Nothing in this paragraph raises any genuine issue of material fact concerning the adequacy of FDA's production.

9.     Nothing in this paragraph raises any genuine issue of material fact concerning the adequacy of FDA's production.

10.     Undisputed.

**FDA's Response to Judicial Watch's Statement of Material Facts:**

1.     Undisputed that Judicial Watch submitted a FOIA request dated April 18, 2007, seeking communications and correspondence between the FDA and Senator Patty Murray regarding Plan B.  FDA accorded an official submission date for that request of April 20, 2007.

2.     Undisputed.

3.     Undisputed that Judicial Watch submitted a FOIA request dated April 20, 2007, seeking communications and correspondence between the FDA and Senator Michael Enzi regarding Plan B.  FDA accorded an official submission date for that request of April 23, 2007.

4.     Undisputed.

5.     Undisputed.

6.     Disputed that Judicial Watch amended its complaint on May 30, 2007, as it should have sought leave of this Court to file a supplemental complaint under Federal Rule of Civil

Procedure 15(d).  This paragraph does not raise any issue of material fact that would preclude summary judgment.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_____/s/ Robin M. Meriweather_____
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198
Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov


**Of Counsel:**

Daniel Meron
General Counsel

Sheldon T. Bradshaw
Chief Counsel
Food and Drug Division

Eric M. Blumberg
Deputy Chief Counsel, Litigation

Wendy S. Vicente
Associate Chief Counsel
United States Department of Health and Human Services
Office of the General Counsel