**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| JUDICIAL WATCH, INC. ) | |
| ) | |
| Plaintiff, ) | Civil Action No.1:07CV00561(RCL) |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES FOOD AND DRUG ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO CLARIFY, OR, IN THE ALTERNATIVE FOR LEAVE TO FILE AMENDED COMPLAINT

Defendant United States Food and Drug Administration ("FDA"), through undersigned counsel, hereby opposes Plaintiff's Motion to Clarify Or, in the Alternative For Leave to File Amended Complaint. (Dkt. Entry 15). Plaintiff Judicial Watch, Inc. ("Judicial Watch") asks the Court to "clarify" that Rule 15(a) applies to its amended complaint and allow it to file the complaint without leave of Court, or, in the alternative, to grant Judicial Watch leave to file the amended complaint. The Court should deny both requests. Rule 15(a) does not govern the amended complaint because it raises claims based on new transactions — namely new FOIA requests — and therefore is governed by Rule 15(d). Although the Court has discretion to allow plaintiffs to file supplemental pleadings, Judicial Watch should not be allowed to bootstrap new FOIA requests into an action that already has become moot. If Judicial Watch wishes to raise FOIA claims concerning those new and distinct FOIA requests, it should be required to initiate a new action. Otherwise, Judicial Watch could prolong this litigation indefinitely by filing successive FOIA requests, then "amending" the complaint each time FDA is unable to respond

to a request within the statutory time limits.

**BACKGROUND**

Plaintiff initiated this Freedom of Information Act ("FOIA") action on March 21, 2007. The complaint concerned a FOIA request Christopher J. Farrell of Judicial Watch submitted to FDA by letter dated August 22, 2006. That request sought "any and/or all communication and/or correspondence between the FDA and Senator Hillary Rodham Clinton, . . . [and/or] any agent and/or representative of Senator Hillary Rodham Clinton, and/or the Office of Senator Hillary Rodham Clinton regarding '.75 levonorgestrel' also sold under the trade name 'Plan B.'" Compl. ¶ 5 (Dkt. Entry 1). On April 6, 2007, FDA sent Judicial Watch the records responsive to Judicial Watch's FOIA request. *See* Dkt. Entry 6 at Granger Decl.

On May 4, 2007, FDA filed a motion to dismiss the complaint as moot, or in the alternative for summary judgment. *See* Dkt. Entry 6. FDA argued therein that the release of all responsive documents eliminated any live controversy that might have existed between the parties, thereby depriving this Court of jurisdiction. FDA raised the alternative argument that it should be awarded summary judgment because it conducted a reasonable search. *See id.* Plaintiff sought, and obtained, a two-week enlargement of time to file its opposition to that motion, which otherwise would have been due on May 18, 2007.

Judicial Watch filed a pleading titled "Amended Complaint" on May 30, 2007. *See* Dkt. Entry 11. That pleading states that Judicial Watch submitted two additional FOIA requests to FDA approximately one month after the original complaint was filed, and that FDA has unreasonably withheld responsive documents. *See id* ¶¶ 9, 13. The FOIA request dated April 18, 2007 request seeks records related to any communications between FDA and Senator Patty

Murray (or her agent) regarding Plan B.  *See id.* ¶ 9.  The FOIA request dated April 20, 2007 seeks records related to any communications between FDA and Senator Michael Enzi (or his agent) regarding Plan B.  *See id.* ¶13.  On June 1, 2007, Judicial Watch filed its opposition to Defendant's motion to dismiss, arguing that its amended complaint rendered that motion moot. *See* Dkt. Entry 12.

## ARGUMENT

**I.    THE "MOTION TO CLARIFY" SHOULD BE DENIED.**

The Court should deny the portion of Plaintiff's motion seeking "clarification" that Rule 15(a) allowed it to amend its complaint as of right to raise claims based on new FOIA requests submitted after the original complaint was filed.  As explained in Defendant's Motion to Strike, which is incorporated herein by reference, Rule 15(a) does not apply to the "Amended Complaint" because the complaint involves new FOIA requests that post-date the original complaint.  *See* Mot. to Strike (Dkt. Entry 17).  Accordingly, the new claims are based on "transactions or occurrences or events which have happened since the date of the [original] pleading," and are governed by Rule 15(d).  Fed. R. Civ. P. 15(d); *see, e.g.*, *Hall v. CIA*, 437 F.3d 94, 100 (D.C. Cir. 2006) ("The addition of [a] new FOIA request is plainly a supplemental pleading as defined by [Rule] 15(d)").

Plaintiff's assertion that the rules are ambiguous and that this is a distinction without a difference ignores both the plain language of Rule 15 and binding D.C. Circuit precedent.  Rule 15(d) expressly indicates that supplemental pleadings involve "transactions or occurrences or events which have happened since the date of the [original] pleading."  Fed. R. Civ. P. 15(d).  The D.C. Circuit also has held that Rule 15(d) applies in this precise context, *i.e.*, when the new

"transactions or occurrences" are FOIA requests that postdate the original complaint. *E.g.*, *Hall*, 437 F.3d at 100. Further, the D.C. Circuit has recognized that the difference between 15(a) and 15(d) *is* significant because leave of Court always is required for Rule 15(d) supplements, whereas a party may amend a complaint once as of right under Rule 15(a). *See United States v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002) (explaining that the requirement that leave be sought is one of two ways in which the "nomenclature" matters); *Hall*, 437 F.3d at 100. If there were no material difference between Rules 15(a) and 15(d), Plaintiff presumably would have withdrawn its amended complaint and re-filed it as an exhibit to a motion for leave, instead of filing a "motion to clarify" and attempting to convince the Court that Rule 15(a) governs its new allegations.

     Plaintiff's citation of caselaw indicating that a new FOIA request is a "distinct transaction" is puzzling, as those cases directly undermine Plaintiff's position. *See* Opp. at 4 (Dkt. Entry 15). Indeed *Hall v. CIA* is the underlying district court decision to the D.C. Circuit case expressly holding that a new FOIA request is the type of "transaction" governed by Rule 15(d). Characterizing the allegations based on those new transactions as new "legal claims" does not change the fact that Rule 15(d) applies to them. *See Hall*, 437 F.3d at 100. It is apparent that Plaintiff's request for "clarification" is simply an attempt to side-step the clear implications of Rule 15(d), thereby avoiding the risk that the Court will deny its motion for leave. The law is overwhelmingly in Defendant's favor on this issue, and the Court should deny the motion.

## II. THE COURT SHOULD EXERCISE ITS DISCRETION TO DENY PLAINTIFF'S ALTERNATIVE MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT.

Courts have "broad discretion in determining whether to allow supplemental pleadings in the interests of judicial economy and convenience." *Young Women's Christian Ass'n of the Nat. Capital Area v. Allstate Ins. Co.*, 214 F.R.D. 1,3 (D.D.C. 2003). Plaintiff suggests that the Court should borrow the standards governing Rule 15(a) motions for leave to amend. *See* Opp. at 5-6 (Dkt. Entry 15). However, Rule 15(d) articulates a different standard, providing that leave may be granted "upon reasonable notice and upon such terms as are just." Fed. R. Civ. P. 15(d); *see also Allstate Ins. Co.*, 214 F.R.D. at 3 (quoting same); *Aftergood v. CIA*, 225 F. Supp. 2d 27, 30 (D.D.C. 2002). Courts have denied Rule 15(d) motions where the original complaint did not put the defendant on notice that the litigation would involve the claims sought to be presented in the supplemental complaint. *See Allstate Ins. Co.*, 214 F.R.D. at 3 (concluding amendment did not meet requirements of Rule 15(d) because there was no notice).

The Court should deny Judicial Watch's request to amend the complaint because the original complaint did not put FDA on notice that these new FOIA claims might be raised in this action. Where, as here, "the defendant[] did not have notice, the orderly and fair administration of justice weighs against supplementing the pleadings." *Allstate Ins. Co.*, 214 F.R.D. at 3 (denying motion to amend because original complaint did not give defendant notice of claims raised in amended complaint). As Judicial Watch admits, "neither of these two requests had been served on the FDA at the time the original complaint was filed." Opp. at 4 (Dkt. Entry 15). Accordingly, FDA could not have anticipated that Judicial Watch would raise those claims in this case.

Further, Judicial Watch's new claims involve FOIA requests that are different from the

FOIA request at issue in the original complaint.  The new requests concern communications between FDA and Senators Patty Murray and Michael Enzi, whereas the original request sought records of communications between Senator Hillary Clinton and FDA.  *See* Am. Compl.  ¶¶ 9, 13.  Thus, this case is quite different from *Aftergood*, where the court allowed a plaintiff to raise supplemental claims concerning subsequent FOIA requests which "request[ed] the same . . . information" sought in the earlier FOIA request.  *See Aftergood*, 225 F. Supp. 2d at 30.  Because the new FOIA requests are distinct and seek different information than the original request, they present entirely independent legal claims.  The Court's analysis of whether FDA reasonably withheld responsive documents for one request will not turn on what FDA did with respect to other requests.  From a legal standpoint, FDA's search for and/or release of documents for each request is wholly unrelated to FDA's search for and/or release of documents for the other requests.  In that respect, this situation is fundamentally different from a claim alleging a "continuing violation" of law, which might give a defendant notice that future actions will be challenged in existing litigation.

The difference between the original and new FOIA requests would defeat Judicial Watch's motion for leave even if Rule 15(a)'s liberal standards applied.  Although leave is "freely given" under Rule 15(a),  proposed amendments must be substantially related to the original claims.  *See Mississippi Ass'n of Cooperatives v. Farmers Home Admin.*, 139 F.R.D. 542, 543-44 (D.D.C. 1991);[1] *S zymanski v. Drug Enforcement Admin.*, No. 93-1314, 1993 WL

---

[1] Although *Mississippi Association of Cooperatives* states that courts have allowed plaintiffs to amend their complaints to add new FOIA requests, the cases cited as examples do not indicate that the new FOIA requests were different from the original request, and contain no analysis of the substantive standards of Rule 15(a).

433592, at *2 (D.D.C. Oct. 6, 1993). Judicial Watch's proposed amendments do not meet that requirement, for the reasons discussed above.

If Judicial Watch's interpretation of Rule 15(d) were correct, this Court could become the repository for all future Judicial Watch FOIA claims. Indeed, institutional FOIA requesters like Judicial Watch could prolong any FOIA case indefinitely, simply by amending their complaint to raise claims based on more recent FOIA requests each time the defendant agency files a dispositive motion. Rule 15(d) cannot have been intended to operate in that fashion.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to clarify or in the alternative for leave to amend should be DENIED.

Dated: June 26, 2007                                Respectfully submitted,

    /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

    /s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

    /s/   Robin M. Meriweather
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 514-7198  Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

**Of Counsel:**

    Daniel Meron
    General Counsel

Sheldon T. Bradshaw
Chief Counsel
Food and Drug Division

Eric M. Blumberg
Deputy Chief Counsel, Litigation

Wendy S. Vicente
Associate Chief Counsel
United States Department of Health and Human Services
Office of the General Counsel

**Certificate of Service**

I hereby certify that on this 26th day of June, 2007, I caused a copy of the foregoing opposition to be served upon Plaintiff by the Court's Electronic Case Filing system or, should I receive notice from the ECF system indicating that electronic transmission failed, to be served by first class mail, postage prepaid addressed to:

Paul J. Orfanedes
Judicial Watch, Inc.
501 School Street SW
Suite 500
Washington, DC 20024-2754

                                      /s/   Robin M. Meriweather
                                    Robin M. Meriweather
                                    D.C. Bar # 490114