# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
JUDICIAL WATCH, INC.                    )
                                        )
        Plaintiff,                      )          Civil Action No.1:07CV00561(RCL)
                                        )
        v.                              )
                                        )
UNITED STATES FOOD AND DRUG             )
ADMINISTRATION,                         )
                                        )
                                        )
        Defendant.                      )
_____ )

## DEFENDANT'S REPLY TO PLAINTIFF'S
## OPPOSITION TO DEFENDANT'S MOTION TO STRIKE OR,
## IN THE ALTERNATIVE, FOR AN ENLARGEMENT OF TIME

Defendant United States Food and Drug Administration ("FDA"), through undersigned

counsel, hereby replies to Plaintiff's Opposition to Defendant's Motion to Strike or, in the

Alternative, for an Enlargement of Time.  (Dkt. Entry 19, "Pl. Opp.").  In that opposition,

Plaintiff argues that FDA's motion to strike Plaintiff's amended complaint dated May 30, 2007,

is "misguided" because FDA relied on an "erroneous interpretation" of Federal Rule of Civil

Procedure 15.  Pl. Opp. at 1.  FDA thoroughly refuted those arguments in its Memorandum in

Opposition to Plaintiff's Motion to Clarify, or, in the Alternative, for Leave to File Amended

Complaint, filed June 26, 2007 (Dkt. Entry 21, "Def. Opp.").  In short, Rule 15(d) requires

Plaintiff to obtain leave of court to supplement its complaint when that complaint, as here, is

based on "transactions or occurrences or events which have happened since the date of the

[original] pleading."  None of the cases that Plaintiff cites stand for the proposition that this

Court should ignore the actual language of Rule 15(d).  *See* Pl. Opp. at 2 n.2.[1]  Plaintiff's attempt

to characterize this issue as "whether leave is required to present new claims when the time for

filing an amended complaint has not yet expired" (Pl. Opp. at 2 n.2) begs the question of whether

the complaint is properly considered to be an amended complaint or a supplemental complaint

because of its content.  Rule 15(d) clearly applies here, and Rule 15(d) *always* requires leave of

court, regardless of when the supplemental claims are presented.

Plaintiff then makes the dubious assertion that FDA's alternative motion for an

enlargement of time "demonstrates the falsity of [FDA's] entire argument."  Opp. at 3.   An

alternative motion, by definition, seeks an alternative remedy in case the Court denies the

primary relief sought.  Both the caption and the substance of FDA's motion clearly indicate that

the enlargement request is precisely that type of alternative remedy.  As Plaintiff admits, no

enlargement would be necessary if the Court determines, as it must, that Rule 15(d) governs this

case, because Rule 15(d) requires the Court to determine whether and when a defendant should

---

[1]  For example, Plaintiff distinguishes *Hall v. CIA*, 437 F.3d 94 (D.C. Cir. 2006) and
*Aftergood v. CIA*, 225 F. Supp. 2d 27 (D.D.C. 2002), on the ground that plaintiffs in those cases
had sought leave of court and filed their supplemental complaint "well after they filed their
initial FOIA claims," whereas Plaintiff in this case filed its amended complaint "less than two
months after the original complaint."  Pl. Opp. at 2 n.2.  Rule 15(d), however, applies where the
supplemental complaint concerns later events, regardless of how much time has elapsed between
the original and supplemental complaint.  Plaintiff distinguishes *Montgomery Env. Coal. v. Fri*,
366 F. Supp. 261 (D.D.C. 1973), on the ground that the court in that case found "less than two
between the original and supplemental pleadings to be "immaterial" and *sua sponte* granted
plaintiffs leave to file a supplemental complaint.  That case, however, indisputably stands for the
proposition that the complaint was, in fact, a supplemental complaint because it concerned
events that occurred after the original complaint had been filed.

respond to a supplemental complaint.[2]  *See* Fed. R. Civ. P. 15(d).  However, the Court has not

yet issued such a ruling.  FDA makes the alternative argument out of an abundance of caution,

not out of concern over the strength of its argument.

Plaintiff also argues without any basis that FDA should not be allowed additional time to

respond to the amended complaint in the event that the Court denies the motion to strike.  Pl.

Opp. at 2.  The amended complaint contains new, distinct FOIA claims concerning FOIA

requests filed in late April, 2007.  If Rule 15(a) applied, FDA's responsive pleading would have

been due June 18, 2007.  An enlargement of that time period is appropriate, given that the

validity of the "amended complaint" was still in question as of June 18, 2007 (as demonstrated

by the parties' ongoing briefing of the motion to strike and FDA's motion to clarify).  Thirty

days is a reasonable enlargement because FDA would have had thirty days to file an answer or

other responsive pleading if Judicial Watch had initiated a new action to present those claims.

The length of Judicial Watch's complaint is immaterial, as it would be for any other FOIA case.

It is apparent that Judicial Watch would prefer that Defendant have less time to respond to the

allegations.  Indeed, that may have motivated Judicial Watch's attempt to shoehorn those new

and distinct FOIA claims into this case.  However, Defendant should have thirty days to respond

to the distinct issues raised in the "amended complaint" — the same amount of time that

Defendant would have had if Plaintiff had properly brought its independent FOIA claims in an

---

[2]  For similar reasons, Judicial Watch's suggestion that the enlargement motion was unnecessary because Judicial Watch "addressed" this issue in the proposed order submitted with its motion to clarify and alternative motion for leave to amend the complaint is misguided.  If the Court denies Defendant's motion to strike, it would have no occasion to reach Judicial Watch's alternative motion for leave to amend its complaint pursuant to Rule 15(d), because the Court would have determined that Rule 15(a) applies.  In any event, as Defendant argued in its Opposition to the Motion to Clarify, the Court should deny Plaintiff's motion.  *See* Dkt. Entry 21.

independent action.  *See* Motion to Strike (Dkt. Entry 16) at 3-4.

## CONCLUSION

For the foregoing reasons, this Court should grant Defendant's Motion to Strike or, in the

Alternative, Motion for Enlargement of Time to File Answer or Otherwise Respond to Plaintiff's

"Amended Complaint."

Dated: June 29, 2007                    Respectfully submitted,


                                        _____/s/ Jeffrey A. Taylor_____
                                        JEFFREY A. TAYLOR, D.C. BAR # 498610
                                        United States Attorney


                                        _____/s/ Rudolph Contreras_____
                                        RUDOLPH CONTRERAS, D.C. BAR #434122
                                        Assistant United States Attorney


                                        _____/s/   Robin M. Meriweather_____
                                        ROBIN M. MERIWEATHER, D.C. Bar. # 490114
                                        Assistant United States Attorney
                                        555 Fourth St., N.W.
                                        Washington, D.C.  20530
                                        Phone: (202) 514-7198  Fax: (202) 514-8780
                                        Robin.Meriweather2@usdoj.gov


**Of Counsel:**

    Daniel Meron
    General Counsel

    Sheldon T. Bradshaw
    Chief Counsel
    Food and Drug Division

    Eric M. Blumberg
    Deputy Chief Counsel, Litigation

    Wendy S. Vicente
    Associate Chief Counsel
    United States Department of Health and Human Services
    Office of the General Counsel

**Certificate of Service**

I hereby certify that on this 29th day of June, 2007, I caused a copy of the foregoing

opposition to be served upon Plaintiff by the Court's Electronic Case Filing system or, should I

receive notice from the ECF system indicating that electronic transmission failed, to be served

by first class mail, postage prepaid addressed to:

Paul J. Orfanedes
Judicial Watch, Inc.
501 School Street SW
Suite 500
Washington, DC 20024-2754


_____/s/   Robin M. Meriweather_____
Robin M. Meriweather
D.C. Bar # 490114