# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| JUDICIAL WATCH, INC., ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 07-561 (RCL) |
| ) | |
| UNITED STATES FOOD AND DRUG ) | |
| ADMINISTRATION, ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## MEMORANDUM OPINION

This matter comes before the Court on defendant's motion to dismiss, or in the alternative, for summary judgment, plaintiff's opposition, and the reply thereto. Upon consideration of the filings, the entire record herein and the relevant law, the Court will deny defendant's motion to dismiss and grant defendant's motion for summary judgment.

## I. Procedural Posture

This case originated when plaintiff Judicial Watch, Inc. ("Judicial Watch"), filed a request with defendant, United States Food and Drug Administration ("FDA") on August 22, 2006, under the Freedom of Information Act ("FOIA") seeking "any or all communications and/or correspondence between the FDA and Senator Hillary Rodham Clinton, . . . [and/or] any agent and representative of Senator Hillary Rodham Clinton, and/or the Office of Senator Hillary Rodham Clinton regarding '.75 levonorgestrel,' also sold under the trade name 'Plan B.'" ("Clinton FOIA request") (See Plaintiff's Amended Complaint ("Am. Compl.")). Not having received any documents, plaintiff filed the instant suit on March 21, 2007. On April 18 and April

20, 2007, plaintiff filed two additional FOIA requests with defendant seeking records or documents pertaining to communications between FDA and Senators Patty Murray and Michael Enzi, respectively, involving Plan B. ("Murray FOIA request" and "Enzi FOIA request") (See Am. Compl.). The additional requests were virtually identical to the Clinton request.

Defendant subsequently filed a motion to dismiss on May 4, 2007, or in the alternative, for summary judgment. On July 6, 2007, this Court granted plaintiff leave to file an amended complaint to include claims related to the Murray and Enzi FOIA requests. This Court denied defendant's motion to dismiss, or in the alternative for summary judgment, as to the original complaint, without prejudice to renewal. Plaintiff re-filed its amended complaint that same day. Defendant then filed a renewed motion to dismiss on July 16, 2007, or in the alternative for summary judgment. (Def.'s Mot. from July 16, 2007). This was followed by a memorandum in opposition filed by plaintiff (see Pl.'s Mem. from July 30, 2007) and a subsequent reply by defendant (see Def.'s Mem. from August 8, 2007).

## II. Background

Plaintiff Judicial Watch is a non-profit, educational organization incorporated under the laws of the District of Columbia. (Compl. ¶ 3). Defendant FDA is an agency of the United States Government. (Id. ¶ 4). On August 22, 2006, plaintiff filed a request with defendant under the FOIA seeking records and documents pertaining to communications between FDA and Senator Clinton regarding Plan B. (See "Am. Compl."). In a letter dated, August 24, 2006, defendant acknowledged receipt of plaintiff's FOIA request. (See id.).

Subsequent to the filing of this action, FDA sent plaintiff records responsive to the Clinton FOIA request consisting of 28 pages of documents. (See Granger Decl. ¶ 5). On April

18 and April 20, 2007, plaintiff filed two additional requests under the FOIA seeking records and documents pertaining to communications between FDA and Senators Murray and Enzi. (See Am. Compl.). On April 20 and April 23, 2007, defendant sent plaintiff letters acknowledging receipt of plaintiff's FOIA requests. (See id.). FDA produced records responsive to plaintiff's Murray and Enzi requests on July 10, 2007. (See Def.'s Mem. from July 16, 2007).

Plaintiff challenges the reasonableness and adequacy of defendant's search. (See Pl.'s Mem. from July 30, 2007). According to plaintiff, certain records missing from defendant's production demonstrate that defendant did not conduct a reasonable search. Plaintiff further contends that declarations submitted by defendant lack sufficient detail to demonstrate the reasonableness of defendant's search.

### III. Analysis

**A.   Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment**

**1.   Legal Standard**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of establishing that the court has jurisdiction. In turn, the court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority," see Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001), which includes the obligation to determine whether the plaintiff's claims are moot. See Mine Reclamation Corp. v. FERC, 30 F.3d 1519, 1522 (D.C. Cir. 1994). A court may consider material other than the allegations of the complaint in determining whether it has jurisdiction, but must accept the factual allegations in the complaint as true. See Jerome Stevens Pharmaceuticals, Inc. v. FDA, 402 F.3d 1249, 1253-54 (D.C. Cir. 2005).

3

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), this Court will dismiss a claim if the plaintiff fails to plead "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 U.S. 1955, 1974 (2007) (abrogating the prior standard which required appearance, beyond a doubt, that plaintiff can prove no set of facts in support of his claim that would entitle him to relief). This Court must construe the allegations and facts in the complaint in the light most favorable to the plaintiff and must grant the plaintiff the benefit of all inferences that can be derived from the facts alleged. Barr v. Clinton, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (citing Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir.1994)). However, the Court need not accept asserted inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. Kowal, 16 F.3d at 1276.

Under Federal Rule of Civil Procedure 56(c), a court must grant summary judgment when the evidence in the record demonstrates that there are no disputed issues of material fact and that the moving party is entitled to judgment on the undisputed facts as a matter of law. FED. R. CIV. P. 56(c). A genuine issue of material fact exists if the evidence, when viewed in light most favorable to the non-moving party, "is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). However, a party must provide more than "a scintilla of evidence" in support of its position; the quantum of evidence must be such that a jury could reasonably find for the moving party. Id. at 252. The burden is on the movant to make the initial showing of the absence of a genuine issue of material fact in dispute. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The moving party is then entitled to a judgment as a matter of law if the non-moving party "fails to make a showing

4

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

For an agency to prevail on a motion for summary judgment in a FOIA action, it must prove that no genuine issue of material fact exists, viewing the facts in the light most favorable to the requester.  Weisberg v. U.S. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984).  The agency must demonstrate that "it has conducted a search reasonably calculated to uncover all relevant documents" to satisfy this burden.  Id. at 1485 (citations omitted).  Whether or not the agency's search is reasonably calculated depends on the adequacy of the search, not on the results; and the adequacy of an agency's search is determined on a case-by-case basis, guided by a standard of reasonableness.  Id.  As this Court has previously noted, reiterating the deemphasis on results, "in assessing the reasonableness of a search, a court is not guided by whether the search actually uncovered every document or whether the search was exhaustive." Ferranti v. Bureau of Alcohol, Tobacco & Firearms, 177 F. Supp. 2d 41, 47 (D.D.C. 2001) (Lamberth, J.). In order to prove this adequacy threshold has been met, the agency may rely upon "reasonably detailed, nonconclusory affidavits submitted in good faith." Id.

### 2.    Mootness

Defendant FDA argues that plaintiff's claim is moot because FDA provided the requested records.  Additionally, defendant argues that plaintiff does not state any claim for which relief may be granted.  Federal courts may decide only "actual, ongoing controversies." Clarke v. United States, 915 F.2d 699, 700-01 (D.C. Cir. 1990) (en banc) (quoting Honig v. Doe, 484 U.S. 305, 317 (1988)).  "Even where litigation poses a live controversy when filed, the doctrine [of mootness] requires a federal court to refrain from deciding it if 'events have so transpired that the

decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future.'" Id. at 701 (citation omitted).

In FOIA cases, a claim typically becomes moot once all documents are released to the requester. See Crooker v. U.S. State Dep't, 628 F.2d 9, 10 (D.C. Cir. 1980) ("Once the records are produced [in a FOIA case] the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made."). A FOIA case is not moot, however, unless "the parties lack a legally cognizable interest in the outcome." Looney v. Walters-Tucker, 98 F. Supp. 2d 1, 2 (D.D.C. 2000) (internal citations omitted). In the immediate case, plaintiff has challenged the adequacy of the search for the requested records. Plaintiff has a cognizable interest in having this Court determine whether the search for records was adequate under the standards for adequate records searches required under the FOIA by the relevant case law. See id. In addition, courts deciding FOIA disputes "always have jurisdiction to determine the adequacy of a search by the agency for records duly requested under the FOIA." See id. (citing 5 U.S.C. § 552(a)(4)(B)). This Court maintains jurisdiction over the case to determine whether FDA's search was adequate.

### 3.    Reasonableness and Adequacy of Defendant's Search

To meet its summary judgment burden, "the agency must demonstrate that it has conducted a search reasonably calculated to uncover all relevant documents." Steinberg v. U.S. Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting Weisberg, 745 F.2d at 1485) (internal quotation marks omitted). Under the FOIA, the agency is required to make a "good faith effort to conduct a search for the requested records, using methods reasonably expected to produce the information requested." Oglesby v. U.S. Dep't of the Army, 920 F.2d 57, 68 (D.C.

Cir. 1990).

Plaintiff argues that missing records demonstrate that FDA did not conduct a reasonable search for the requested documents. Specifically, plaintiff asserts that it is "unreasonable to think" that there were no notes or written information from FDA's briefing of three senators. (See Pl.'s Mem. from July 30, 2007). Plaintiff also relies on public statements made by Senators Clinton and Murray that suggest, according to plaintiff, that it is "highly unlikely" that FDA does not have additional records responsive to plaintiff's request. (See id.). The D.C. Circuit has made clear that a FOIA requestor who challenges the reasonableness of a search "because the agency did not find responsive documents that [the requester] claims must exist" cannot sustain that challenge when he "provides no proof that these documents exist and [offers only] his own conviction that [an event] was of such importance that records must have been created." Oglesby, 920 F.2d at 67 n.13. "Such hypothetical assertions are insufficient to raise a material question of fact with respect to the adequacy of the agency's search." Id. (citing Meeropol v. Meese, 790 F.2d 942, 952-53 (D.C. Cir. 1986)); see also Ferranti, 177 F. Supp. 2d at 48 (finding that speculation that other documents might exist is "insufficient to overcome summary judgment"). Further, the fundamental question for this Court in determining the adequacy of FDA's search is not "whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." Steinberg, 23 F.3d at 551 (quoting Weisberg, 745 F.2d at 1485).

Plaintiff also challenges the reasonableness of FDA's search on grounds that declarations submitted by FDA are insufficiently detailed. To support its claim, plaintiff asserts that the declarations lack descriptions of the search terms used or the types of searches performed. (See

Pl.'s Mem. from July 30, 2007).  Plaintiff further asserts that the declarations fail to describe how the search was actually conducted and what records were found as a result of the search.

An agency may use reasonably detailed, non-conclusory affidavits to demonstrate that it conducted a reasonable search in accordance with the FOIA.  See Ground Saucer Watch, Inc. v. CIA, 692 F.2d 770, 771 (D.C. Cir. 1981).  Those affidavits "enjoy a presumption of good faith, which will withstand purely speculative claims about the existence and discoverability of other documents."  Id.  Further, the relevant case law does not demand in every FOIA case that the agency's affidavits "set forth with meticulous documentation the details of an epic search for the requested records."  Perry v. Block, 684 F.2d 121, 127 (D.C. Cir. 1982).

In the instant matter, FDA searched each office identified likely to have responsive documents and provided detailed information about the types of searches conducted in those offices.  (See July Granger Decl. ¶ 12).  In response to plaintiff's assertions, FDA provided plaintiff and this Court with supplemental declarations detailing its general search methodology and the search for records conducted in this case.[1]  Each of the supplemental declarations further contain detailed descriptions of the files that were searched and the search terms that were used for the searches.  (See Supp. Granger Decl. ¶¶ 4-6; Supp. Mungo Decl. ¶¶ 4-5; Supp. Palmer Decl. ¶¶ 6-8; Supp. Schifter Decl. ¶ 6-8.)

This Court is satisfied that FDA has acted in good faith toward the plaintiff and this Court.  In light of the original and supplemental declarations submitted by the defendant, it is clear to this Court that FDA satisfied its obligation under the FOIA to provide an adequate and

---

[1]      Plaintiff filed no motion for leave to file a surreply challenging defendant's supplemental declarations.

reasonable search.

### III.  CONCLUSION

For the foregoing reasons, this Court concludes that FDA has met its summary judgment burden of demonstrating its search conducted in response to plaintiff's FOIA requests was reasonably conducted and thus adequate.  Accordingly, this Court will deny defendant's motion to dismiss and grant defendant's motion [25] for summary judgment.

A separate Order accompanies this Memorandum Opinion.


Signed by Royce C. Lamberth, United States District Judge, October 2, 2007.